UNITED STATES of America, Appellee,

v.

James CODY, Appellant.

No. 75–1860.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1976.

Decided Feb. 10, 1976.

Rehearing and Rehearing En Banc Denied March 3, 1976.

---

Joseph Langworthy, Pacific, Mo., for appellant.

David Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before CLARK, Associate Justice,* BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a motion for a new trial filed on grounds of newly discovered evidence.

In 1971 appellant was convicted of making false statements to a licensed firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924. Appellant had certified to the dealer that he had not been convicted of a crime punishable by imprisonment for a time exceeding one year. In fact, he had been convicted of a felony in Washington County, Missouri in 1964 and had served his sentence. For the federal conviction appellant received a thirty-month sentence and his conviction was affirmed on appeal. *Cody v. United States,* 460 F.2d 34 (8th Cir.), *cert. denied,* 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 303 (1972). Appellant has served the sentence.

On September 16, 1975 appellant filed the instant motion for a new trial for the firearms offense on grounds of newly discovered evidence. The alleged newly discovered evidence is that the 1964 state conviction should be regarded as void because the trial judge entered judgment prior to the filing of his motion for a new trial. *See, e. g., State v. Allen,* 429 S.W.2d 697 (Mo.1968). On this basis, appellant contends that the statement underlying his federal conviction was not false, because in making the representation that he had not been convicted he accidentally told the truth.[1] Appellant urges that he is entitled to a new trial and to acquittal.

The district court denied the motion for a new trial on grounds that despite the procedural irregularity in the state proceedings, the state conviction was valid. Appellant filed a timely appeal.

The government has moved to dismiss the appeal on grounds that the motion for a new trial was filed beyond the two years allowed therefor. The government's motion is itself untimely under local rule 9(b), but the government asks that the time limit be waived.

 Despite the untimeliness of the government's motion, we have an independent obligation to observe jurisdictional restraints. A motion for a new

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. Appellant does not deny that at the time of the firearms purchase he fully believed that he had been convicted of a prior felony and that he intended to lie.

trial based on newly discovered evidence may be made only within two years after final judgment. Fed.R.Crim.P. 33, 45(b)(2); *Clark v. United States,* 370 F.Supp. 92 (W.D.Pa.), *aff'd,* 506 F.2d 1050 (3d Cir. 1974). Even viewing the date on which certiorari was denied by the Supreme Court as the date of final judgment (November 13, 1972), appellant's motion below was untimely. Therefore, no new trial could have been granted.[2]

Since appellant has already fully served his sentence, it is unlikely that he really desires a new trial. Perhaps appellant is actually seeking relief in the nature of a writ of error *coram nobis* so that his criminal record might be cleared. In an appropriate case, we might so construe this motion. However, we are convinced that no such relief is warranted here.

As indicated, appellant contends that because of a technical error by the state trial judge in imposing sentence prior to the time of actual filing of a motion for new trial, the judgment was absolutely void and could not provide a basis for his firearms conviction.

■ The argument founders on the distinction between a conviction and an unassailable judgment imposing sentence. While there is some language in the Missouri cases open to the interpretation placed thereon by appellant, a careful reading of the leading cases discloses that Missouri does not hold the conviction void. In *State v. Grant,* 380 S.W.2d 799, 803 (Mo.1964), the court held that "a judgment so rendered [before expiration of time for filing a motion for new trial] would be illegal and ineffective to obstruct the defendant's right to file a valid motion for a new trial or to appeal from the ruling thereon," but the verdict of guilty which also fixed punishment was not upset and the case was

remanded to the trial court merely for ruling on the motion for new trial and reimposition of sentence.

Similarly in *State v. Allen, supra,* 429 S.W.2d at 697, the opinion recites that the defendant "was convicted" and the jury fixed punishment at two years. And since the trial judge imposed sentence without allocution and before ruling on a motion for new trial the judgment imposing sentence was reversed to permit allocution and reimposition of sentence.

But the narrow issue is whether, within the meaning of the Federal Firearms Act, 18 U.S.C. § 921 *et seq.,* appellant had been convicted of a crime punishable by imprisonment for a time exceeding one year at the time he swore that he had not been so convicted.

■ The question of what constitutes a "conviction"[3] for the purposes of the Federal Firearms Act is not new to this court and was considered in *United States v. Williams,* 484 F.2d 428 (8th Cir. 1973). There appellant was convicted of a felony in the State of Missouri. While his state appeal was pending, he was convicted in federal court for making a false statement concerning his prior convictions, in violation of the same section of the Federal Firearms Statute involved in the instant case. The latter conviction was reversed and remanded for a new trial, and before the new trial the state felony conviction, upon which the federal charge was based, was reversed and dismissed. This court rejected the contention that subsequent reversal of the state court conviction changed appellant's status as a convicted felon within the meaning of the Act at the time he executed the statement concerning his prior convictions. *See also United States v. Liles,* 432 F.2d 18 (9th Cir. 1970). *Cf. DePugh v. United States,* 393 F.2d 367 (8th Cir. 1968).

---

**2.** There are other difficulties with this motion. It is doubtful that the alleged error in the state trial is properly termed newly discovered evidence. It is also doubtful that the error could not have been ascertained with due diligence.

**3.** We recognize that what constitutes a "conviction" varies among jurisdictions, *compare,*

*e. g., State Medical Board v. Rodgers,* 190 Ark. 266, 79 S.W.2d 83 (1935) *with Commissioner v. Greer,* 215 Pa.Super. 66, 257 A.2d 317, 320–21 (1969), and also it varies according to the purpose for which its definition is sought. *See United States v. Rosenstengal,* 323 F.Supp. 499, 501 (E.D.Mo.1971).

Consistently with our holding in *Williams, supra,* and with what we deem to be the congressional intent to apply the Federal Firearms Act broadly,[4] we affirm the denial of appellant's motion for new trial.

---

4. *See DePugh v. United States, supra,* and *United States v. Rosenstengal,* 323 F.Supp. 499, 501 (E.D.Mo.1971). We recognize that the broad interpretation applied to the word "convicted" does not extend to defendants whose prior convictions are invalid for error of of the sixth amendment right to counsel. *See Dameron v. United States,* 488 F.2d 724 (5th Cir. 1974) and *United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972).