UNITED STATES of America,
Plaintiff-Appellee,

v.

John Elbert RANSOM,
Defendant-Appellant.

No. 76–1911.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1977.

Rehearing and Rehearing En Banc
Denied Feb. 8, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**482**

Joe Salem, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Jerome J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

AINSWORTH, Circuit Judge:

John Elbert Ransom, appellant, was convicted in a nonjury trial for violation of 18 U.S.C. § 922(a)(6), by making a false written statement in connection with the acquisition of a firearm (a Colt .22 caliber automatic pistol) from a licensed dealer in that he stated, on Treasury Form 4473, that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year when in fact he had been so convicted.[1]

The principal error urged on appeal by appellant is that the Government failed by competent evidence to prove an essential element of the crime—that the retail store from which the pistol was purchased, namely, Dean's Sporting Goods, was a licensed dealer within the contemplation of section 922(a)(6). It appeared that on July 20, 1970, Ransom purchased the pistol at Dean's by then filling out and signing the Treasury form which stated in part: "I certify that: (1) I am neither under indictment for, nor have I been convicted of, a crime punishable by imprisonment for a term exceeding one year; . . .." Ransom contends that the evidence was circum-

---

1. The district court held that Ransom was not guilty on Count 2 of the indictment which charged that defendant having been convicted in Charleston County, South Carolina, of housebreaking and larceny, a felony, did wilfully possess the firearm described in the first count, that is, a Colt automatic pistol.

stantial and inadequate to prove that Dean's was a licensed dealer. The evidence in this regard was considered by the trial judge on motion for acquittal during the trial and later on motion for acquittal notwithstanding the verdict. In denying the latter motion the district court in a written order pointed out that this issue was raised at trial at the close of the Government's case and that he denied the motion at that point, specifically holding that the Government had produced enough proof to shift the burden to the defendant. In his postverdict order the trial judge said:

The government did present sufficient circumstantial evidence to shift the burden of going forward on the issue of licensing to the defendant. The government introduced the Treasury Firearms Transaction Record of the subject transaction (Tr. at 11); one employee of Dean's testified that local and federal law enforcement personnel occasionally came to the store to check firearms records (Tr. at 26); and another Dean's employee testified that he was the custodian of firearms records which were kept in the normal course of business as required by law (Tr. at 31, 33). The court believed then and believes now that this circumstantial evidence was sufficient to raise a rebuttable inference that Dean's was a licensed dealer. Defendant did not avail himself of the opportunity to rebut it in his own case, despite the fact that he was on specific notice that the court considered a prima facie case to have been raised as to that element of the offense (Tr. at 57).

The district court's holdings in this regard were correct and should not be disturbed. *See United States v. Snell,* 5 Cir., 1975, 508 F.2d 21; *Cody v. United States,* 8 Cir., 1972, 460 F.2d 34; *United States v. Beebe,* 10 Cir., 1972, 467 F.2d 222.

■ This Court on its own motion, however, has raised additional questions presented by the record relating to the validity of the South Carolina felony conviction on which Ransom received a sentence of five years' imprisonment which the Government used in chief to substantiate its case that defendant Ransom made a false statement when he certified on Treasury Form 4473 that he had not previously been convicted of a crime punishable by imprisonment for a term exceeding one year in connection with the firearm purchase. We requested that counsel discuss in additional briefs whether the South Carolina conviction can properly be collaterally attacked on the alleged basis of failure to provide counsel in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), no prior attack having been made on that conviction by Ransom; whether the evidence is sufficient to justify a holding that the South Carolina conviction requires a reversal of defendant's conviction in connection with his certifying on the Treasury form that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year.

The Government contends that it is unnecessary to decide all of the issues raised by the court's questions; that it is sufficient for purposes of affirming defendant's conviction that he made a false statement upon purchasing the firearm, in not revealing the prior felony conviction even if it now be determined that the South Carolina conviction was invalid for failure to furnish counsel as required by *Gideon.*

Reliance is made by the Government on *Cassity v. United States,* 6 Cir., 1975, 521 F.2d 1320, 1323, in which the precise issue involved here was decided by the Sixth Circuit. The court in *Cassity* said:

However other sections of the Act might be construed in this circuit, we are satisfied that § 922(a)(6) compels disclosure of all convictions which have not been set aside, whether ultimately shown to have been valid or not. That section penalizes Cassity for making a false statement. It penalizes him not for being a convicted felon, but for failing to tell the truth about the conviction. We think it apparent from the language employed that Congress intended to provide a scheme of regulation by compelling full and honest disclosure. The section applies not merely to convicted felons, but

to "any person" and broadly forbids "any false or fictitious . . . statement . . . intended or likely to deceive . . . with respect to any fact material to the lawfulness of the sale . . ." We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances.

We conclude, as did Judge Gordon, that the careful statutory scheme of gun control Congress has provided would be seriously jeopardized if a person convicted of a felony could, when purchasing a firearm, make the statement that he had never been convicted of such felony based upon his own subjective belief that his conviction was constitutionally defective where such conviction had not prior thereto been set aside. We reject petitioner's contention that this interpretation of Congressional intent in enacting § 922(a)(6) permits " . . . a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . ." *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

We agree with the rationale of *Cassity* and with the Government's contention that it is unnecessary to determine whether or not the South Carolina conviction was invalid. Defendant Ransom has never made any attempt to annul or set aside the South Carolina conviction. This is true even though his testimony discloses that despite having attended law school for a year and real estate school, he dropped out when he learned that he could not obtain a license for either because of the conviction.

Ransom's reliance on *Dameron v. United States,* 5 Cir., 1974, 488 F.2d 724, is misplaced. The case differs from the present matter in that defendant was charged with possession of a firearm in violation of 18 U.S.C.App. § 1202(a). Defendant Ransom's conviction here is for making a false statement on the Treasury form by certifying that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year. When he made the statement and failed to reveal there was an outstanding conviction, his written statement was false. In the possession of firearm cases, there is no such issue involved since in those cases the defendant was found guilty merely because he had a prior conviction which was constitutionally infirm. Ransom did not challenge his prior conviction. When he filled out the Treasury form to purchase the pistol, he made no reference to it at all. The fact that the South Carolina conviction was later held to be invalid for failure to provide counsel as required by *Gideon* based on Ransom's testimony to that effect does not obviate the penalty for failure "to tell the truth about the conviction," *Cassity, supra,* 521 F.2d at 1323. Ransom was required to make a full disclosure at the time of filling in the Treasury form and his failure to do so compelled a finding of guilty by the trial judge.[2]

It is clear, therefore, from the record that defendant Ransom made a false written statement in connection with the firearm purchase when he certified to the dealer on the Treasury form that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year when in truth and in fact he had been so convicted in South Carolina. It is, therefore, unnecessary to consider that he also failed to disclose that he had been convicted previously in Georgia from which conviction, however, he had received restoration of civil and political rights.[3]

AFFIRMED.

---

**2.** Compare *United States v. Williams,* 8 Cir., 1973, 484 F.2d 428; *United States v. Liles,* 9 Cir., 1970, 432 F.2d 18; and *McHenry v. California,* 9 Cir., 1971, 447 F.2d 470.

**3.** The record discloses on cross-examination that Ransom also had a prior conviction for robbery and rape in Fulton County, Georgia. However, previous to the offense charged here,

the Georgia State Board of Pardons and Paroles granted restoration of civil rights by an order stating "that all disabilities resulting from the . . . sentence be and are hereby removed and the said applicant's civil and political rights are restored." He was also previously convicted in Cobb County, Georgia, in

1971 for larceny from an automobile, according to his own admission.

