UNITED STATES of America, Appellee,

v.

Floyd Orion ALLEN, Appellant.

No. 75–1965.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 17, 1976.

Decided June 6, 1977.

O. W. Bannister, Jr. Greenville, S. C., for
appellant.

Donald A. Harper, Asst. U. S. Atty.
(Mark W. Buyck, Jr., U. S. Atty., Columbia,
S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge,
and WINTER and BUTZNER, Circuit
Judges.

HAYNSWORTH, Chief Judge.

Floyd Orion Allen appeals his conviction
under § 922(a)(6) of the 1968 Gun Control
Act, 18 U.S.C. 922(a)(6). That section

makes it illegal: "for any person in connection with the acquisition . . . of any firearm . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive . . . [a licensed firearm] dealer, . . ., with respect to any fact material to the lawfulness of the sale or other disposition of such firearm". The issue here is whether § 922(a)(6) permits one who has been convicted of a felony in violation of his right to counsel to deny being convicted in order to obtain a gun when he has never received a pardon or successfully attacked the conviction in court. And, if not, whether § 922(a)(6) is constitutional in view of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and its progeny.

The government prosecuted Allen for making false statements in connection with the pawning and retrieval of a gun at Johnny's Pawn Shop in Greenville, S.C. Allen signed Treasury Form 4473 when he pawned his gun and again when he retrieved it. Each time he answered "No" to question 8(b) which is as follows:

> Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year).

Prior to signing the forms at the pawn shop, Allen had pled guilty to housebreaking in 1964 and to larceny in 1966. Both crimes are felonies. According to the government, Allen's prior convictions are material to the lawfulness of the disposition of the gun to him under § 922(d)(1) which says that

> it shall be unlawful for any . . . licensed dealer . . . to sell or otherwise dispose of any firearm . . . to any person knowing or having reasonable cause to believe that such person—is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

Upon his arrest for violating § 922(a)(6), Allen made a written confession with full knowledge of his rights. He admitted pawning and retrieving the gun and further stated "I know I am a convicted felon. Back in 1964 I pleaded guilty to housebreaking."

In the trial before the district court, the government introduced court records showing Allen's prior felony convictions. The defense objected to the introduction of the prior convictions, claiming that they had been obtained in violation of Allen's right to counsel. The district court denied the motion without deciding whether Allen had been unconstitutionally denied his right to counsel when he pled guilty in 1964 and 1966. It held that the possible invalidity of the earlier convictions due to lack of counsel was irrelevant to the issue before it, that is whether Allen had knowingly made a false statement about a material fact in order to get a hand gun from the pawnbroker. The court found Allen guilty and imposed a four year suspended sentence in addition to five years of probation.

In this appeal Allen argues that his prior felony convictions were obtained in violation of his right to counsel and cannot be used to convict him under § 922(a)(6). He relies on Supreme Court decisions holding that convictions obtained in violation of the right to counsel cannot be used to support a conviction or enhance punishment under a recidivist statute, *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), or to impeach a defendant's general credibility, *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), and that a sentence imposed on the basis of a conviction later found to have been in violation of the right to counsel must be reconsidered, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Allen quotes from *Burgett, supra,* 389 U.S. at 115, 88 S.Ct. at 262 where the Court said:

> To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.

We must reject Allen's argument, for neither the Act nor the Constitution permits him to deny that he has been convicted in order to obtain a gun, when he has not received a full pardon or successfully attacked his prior convictions.

There would be no need to reach the constitutional issue if the Act permitted the unrestricted disposition of firearms to those whose felony convictions are constitutionally invalid even though they have not received a pardon or successfully challenged their convictions. The Fifth Circuit avoided the constitutional issue in a similar challenge to a conviction under § 922(g)(1), which forbids the transportation of firearms by one who is under indictment for or has been convicted of a felony, by interpreting that section to apply only to constitutionally convicted felons. *See Dameron v. United States*, 488 F.2d 724, 727 (5th Cir. 1974). But we cannot adopt a similar interpretation of §§ 922(d)(1) and 922(a)(6) in view of the purpose of the statute.[1]

When Congress enacted the Gun Control Act of 1968, "It was concerned with the widespread traffic in firearms and with their general availability to those whose possession thereof was contrary to the public interest." *Huddleston v. United States*, 415 U.S. 814, 824, 94 S.Ct. 1262, 1268, 39 L.Ed.2d 782 (1974). The Act is designed to keep firearms out of the hands of those whose age, criminal background or incompetency indicates that they are likely to misuse them. S.Rep. No. 1501, 90th Cong. 2d Sess., 22 (1968). The prohibition on the disposition of firearms to any one who a dealer has reasonable cause to believe is under indictment for or has been convicted of a felony is a vital part of the legislative scheme. It applies unless the convicted person obtains relief from the restriction pursuant to § 925(c) by convincing the Secretary of the Treasury that he is not likely to act in a manner dangerous to the public safety. Thus, under the Act, a felony conviction forces the convicted person to prove

that he is n░░ a threat to public safety before he can obtain a gun. To make the restrictions on dealers effective, Congress has also declared it a crime to make a false statement intended to or likely to deceive a dealer regarding a fact material to the legality of the disposition of a firearm.

■ The language of the Act shows that Congress intended to restrain the disposition of firearms to those reasonably believed to have been involved in felonious activity. It is clear that Congress believed an indictment alone to be a sufficient reason to limit a person's access to firearms, at least until the charges are dropped or the person is acquitted. In view of the restriction on the disposition of firearms to those under indictment, we find that Congress intended to restrict the disposition of firearms to those with standing felony convictions even though the convictions may later be found constitutionally invalid. Like an indictment, a felony conviction which has not been vacated provides reasonable grounds to believe that the unpardoned convicted person has been involved in felonious criminal activity. It is a sufficient reason to require proof that he is not a threat to the public before permitting him to obtain a gun.

Our interpretation of the Act preserves the simplicity and effectiveness of the legislative scheme. If the Act only prohibited the disposition of firearms to constitutionally convicted felons, enforcement would be complicated by collateral issues. To obtain a conviction under § 922(a)(6), the government would be required to show the validity of convictions which may have occurred in distant states many years ago. Even if the government could prove the validity of a prior conviction, a defendant might claim that he lacked the requisite knowledge because he had sincerely believed that his prior conviction was invalid when he told the gun dealer that he had never been convicted. *Cassity v. United States*, 521 F.2d 1320, 1323 (6th Cir. 1975).

1. In an opinion announced subsequent to the writing of this opinion, *United States v. Ransom*, 545 F.2d 481 (5th Cir. 1977), the Fifth Circuit adopted the same interpretation of § 922(a)(6) as we do here.

The scheme adopted by Congress avoids time-consuming collateral issues. The existence of a prior felony conviction for purposes of a § 922(a)(6) offense is entirely a matter of record. One who has been convicted of a felony but believes that his conviction was unconstitutional may attack the conviction in court. If the conviction is found invalid, then he may tell a gun dealer that he has never been convicted. The Act does not restrict the disposition of firearms on the basis of an indictment once there is an acquittal or dismissal of charges. We do not think that a felony conviction is intended to provide a basis for restriction once the conviction is declared constitutionally invalid. In the alternative, a convicted person may seek special permission to obtain a gun pursuant to § 925(c).

■ Since we find that Allen did violate § 922(a)(6) when he denied ever having been convicted of a felony, we must decide whether that section, as applied to Allen, violates his constitutional right to counsel. Other circuits, relying on *Gideon, supra, Burgett, supra, Tucker, supra,* and *Loper, supra,* have held that convictions obtained in violation of the right to counsel are void from the outset and cannot be considered for any purpose.[2] But we do not read those Supreme Court cases so broadly.

■ The right to counsel cases forbid the use of convictions obtained in violation of *Gideon* for most purposes, but they do not prevent the use of such convictions for all purposes. In *Burgett* the Court held that a conviction in violation of *Gideon* cannot be used to support guilt or enhance punishment under a recidivist statute. There the reliability of the prior conviction as an indication of guilt was essential to its use in the application of the recidivist statute. Under

the Gun Control Act, a finding of probable cause to believe that a person has committed a felony is enough to restrict his ability to buy a gun. A reliable finding of guilt is not essential under the Gun Control Act as it is when a recidivist statute is involved.

In *Tucker* the Court said that a defendant sentenced on the basis of convictions that were later determined to be invalid due to lack of counsel had a right to be resentenced. Reconsideration of the sentence was necessary because the sentencing court had not known that the prior convictions were unreliable indicators of guilt and might not have imposed the same sentence had it known that the convictions were obtained in violation of *Gideon.*[3] In *Loper* the Court held that convictions void under *Gideon* cannot be used to impeach a defendant's general credibility on cross-examination. It considered prior uncounseled convictions as unreliable when used to impeach as when used for direct proof of guilt of the prior felony. Id. 405 U.S. at 483–84, 92 S.Ct. 1014.

■ Although *Burgett, Tucker* and *Loper* establish that a conviction in violation of the right to counsel is too unreliable to show guilt or enhance punishment under a recidivist statute, to form the basis for an increased sentence, or to be used to impeach general credibility, they do not say that a conviction in violation of *Gideon* is absolutely meaningless. The reliability of an indictment as an indication of probable cause to believe that a certain person has committed a crime does not depend on the presence of defense counsel for those under investigation. *See United States v. Mandujano,* 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976) (dictum); *In Re Groban,* 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957) (dictum). Nor does the absence of defense

---

**2.** *See, United States v. Cody,* 529 F.2d 564, 567 n.4 (8th Cir. 1976) (dictum); *Dameron v. United States,* 488 F.2d 724, 727 (5th Cir. 1974); *United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972); *McHenry v. California,* 447 F.2d 470 (9th Cir. 1971); *United States v. DuShane,* 435 F.2d 187, 189 (2d Cir. 1970).

**3.** We have held that, in reconsidering a sentence in view of the unconstitutionality of prior

convictions, a district court need not adjust the sentence if it concludes that, at the time of sentencing, the assumption that the prior sentences were invalid would not have resulted in a lighter sentence or that the sentence would have been the same if the court had not known of the prior convictions. *Stepheney v. United States,* 516 F.2d 7, 9 (4th Cir. 1975).

counsel or the lack of a waiver of the assistance of counsel render a prior felony conviction invalid or unreliable as an indication that the public interest requires that the convicted person's access to firearms be restricted when the conviction has not been reversed or vacated and the defendant remains unpardoned. We think that Congress is entitled to rely on a prior standing conviction as proof that there is probable cause to believe the convicted person has been involved in criminal activity and should not be able to buy a gun without first showing that he is no threat to public safety, even though the conviction may have been obtained in violation of *Gideon*. *Gideon* does not give those who merely think that their conviction may be invalid the right to deny ever having been convicted. Section 922(a)(6) does not penalize Allen for his possibly invalid prior convictions, but for lying about them rather than seeking a special permit under § 925(c) or having them vacated.[4]

It is clear that Congress thinks that the distribution of hand guns to people reasonably believed to have been engaged in felonious criminal activity is a great danger to the country. The legislative scheme can be achieved if the enforcement process is simple and swift. The process is seriously impaired if difficult and time consuming collateral issues are introduced into trials under the statute, as when former convictions are open to challenge during the course of that trial.

One who has been unconstitutionally convicted of a felony is not without a remedy. He may have his conviction vacated. If not subject to retrial, he then can execute truthfully an affidavit and obtain a handgun. Or he can seek a permit under § 925(c). Until his conviction is vacated or until he has obtained a permit, it is not too much to require him to wait to acquire a handgun.[5] It is not necessary to permit those who merely think their convictions may be invalid to deny ever having been convicted in order to vindicate the principle of *Gideon*.

*AFFIRMED.*

WINTER, Circuit Judge, dissenting:

I respectfully dissent.

The majority draws a nice distinction as to whether Allen was convicted of a violation of the 1968 Gun Control Act because he was a previously convicted felon, or whether he was convicted because he lied about being a previously convicted felon. The majority concludes that he was convicted of

---

**4.** *Cf. Mays v. Harris*, 523 F.2d 1258, 1260 (4th Cir. 1975). Mays had been convicted of operating a motor vehicle while classified as an habitual offender. The district court granted Mays' habeas corpus petition because it found that two of the four convictions underlying Mays' habitual offender status were invalid under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) due to lack of counsel. This court reversed because Mays' prison sentence was not for being an habitual offender but for operating a motor vehicle in violation of a court order. The court noted that

"[T]o permit one who has been adjudged an habitual offender to disregard his status, however vulnerable, and later defend any conviction for doing so by asserting the invalidity of his underlying conviction is to allow him to judge his own case. That he may not do."

**5.** We note that the Third Circuit's en banc opinion in *United States v. Graves*, 554 F.2d 65 (1977) which was announced subsequent to the writing of this opinion is in substantial agreement with our holding.

Because we hold that the possible constitutional defects in Allen's earlier convictions are not relevant to his guilt under Section 922(a)(6), we do not reach the question whether the prior convictions are actually valid. We note, however, that Allen has not even alleged that he was indigent and had a right to appointed counsel when he was convicted in 1964. Thus, there may be a substantial question as to whether both of his prior convictions are constitutionally invalid. *See Kitchens v. Smith*, 401 U.S. 847, 848, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971); *Loper v. Beto*, 405 U.S. 473, 497–593, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). Justice Rehnquist dissenting joined by Chief Justice Burger and Justice Powell and Justice Blackmun.

We note that Allen may have violated 922(a)(6) if the indictment for his prior conviction was still effective despite the possible invalidity of his convictions and if he denied being under indictment when he pawned and retrieved his gun. We do not address this point because the briefs do not raise the issue and the record does not contain the necessary information.

the latter, and since the purpose of the Act was to keep firearms from those who may be "reasonably believed" to have been involved in felonious activity, the reasonable belief may be established by proof of even a void prior conviction.

Even if convicted only because he lied, the proof of Allen's lie—an essential element of the government's case—was the record of his allegedly void convictions. His claim is that they were void because he lacked counsel. If true, this was a denial of his sixth amendment right which goes to "the very integrity of the fact-finding process." *Linkletter v. Walker,* 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601 (1965).

Along with the courts of appeals decisions cited in the majority opinion n.2, I think that *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); and *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), prohibit the use of void prior convictions to prove an untruth or to sustain an additional penalty.* Such a use of a possibly void conviction makes the accused suffer "anew from the deprivation of that Sixth Amendment right." *Burgett v. Texas,* 389 U.S. at 115, 88 S.Ct. at 262. I therefore think it was error for the district court to reject Allen's sixth amendment objection to the introduction of the prior convictions in the absence of proof that Allen was represented by counsel and without deciding that Allen had not been unconstitutionally denied his right to counsel.

I would reverse and grant a new trial.

---

* *See also United States v. Wooten,* 503 F.2d 65, 67 (4 Cir. 1974) (dictum); *Brown v. United States,* 483 F.2d 116, 121 (4 Cir. 1973) (dictum); *Marcum v. United States,* 350 F.Supp. 1115 (S.D.W.Va.1972).