UNITED STATES of America, Plaintiff-Appellee,

v.

**Larry Dean EDWARDS, Defendant-Appellant.**

No. 77–1624.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 19, 1977.

---

Gordon E. Allen, Des Moines, Iowa, for appellant; Allen, Babich & Bennett, Des Moines, Iowa, on brief.

John M. Fitzgibbons, Asst. U.S. Atty., Des Moines, Iowa, for appellee; Roxanne Barton Conlin, U.S. Atty., on brief.

Before BRIGHT and ROSS, Circuit Judges, and HARPER, Senior District Judge.[*]

ROSS, Circuit Judge.

Appellant Larry Dean Edwards was convicted pursuant to a sixteen count federal indictment which charged him with eight violations of both 18 U.S.C. § 922(h)(1) and § 922(a)(6). Counts seven and eight of the indictment against Edwards were dismissed by the trial court. All of Edwards' violations relate to firearms. Section 922(h)(1) provides, *inter alia,* that it is unlawful for any person who has been *convicted of a crime punishable by imprisonment for a term exceeding one year* to receive any firearm which has been shipped or transported in interstate commerce; under § 922(a)(6) it is unlawful, *inter alia,* for *any* person to knowingly make any *false statement* in connection with the acquisition of a firearm with respect to the lawfulness of the sale.[1]

---

[*] The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The statutes provide in relevant part:
   § 922(h)(1)
   (h) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

   * * * * * *

   to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
   § 922. *Unlawful acts*

   (a) It shall be unlawful—

   * * * * * *

   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or ficitious [sic] oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

Specifically, on this latter "falsification" charge, Edwards answered negatively, and falsely, to the following question: "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" Edwards' guilt on the even-numbered firearms counts arises solely because of his *status* as one convicted of a crime whose punishment exceeds one year.[2]

The underlying conviction which supports the federal firearms prosecution, and about which Edwards lied, is a 1958 Nebraska felony charge entered when Edwards was nineteen years old. At that time, without counsel, Edwards pled guilty to several "no account" check charges. The Nebraska district court judge suspended sentence on the violations, but when Edwards violated the terms of his two-year probation by committing more check violations, his probation was revoked and he was committed to the Nebraska State Reformatory for Men for two years at hard labor. Edwards served over one year of the two-year sentence.

On appeal to this court Edwards challenges the constitutionality of the Nebraska felony conviction which supports the federal charges and urges that a constitutionally infirm felony conviction can not serve as the basis for this federal prosecution; this challenge to the state conviction is the only defense the appellant has argued before this court.

Relying on familiar principles established by the right-to-counsel cases, Edwards makes the following argument concerning the alleged sixth amendment violation. The assistance of counsel for anyone accused of a felony in a state court, regardless of the accused's economic circumstances, is a right secured by the sixth amendment, *Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The right is expressly retroactive, and thus applicable to the 1958 conviction. *Burgett v. Texas, supra,* 389 U.S. at 114, 88 S.Ct. 258. It is clearly available to a defendant who pleads guilty. *McMann v. Richardson,* 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

A valid waiver of the right to counsel requires an on-the-record showing "that an accused was offered counsel but intelligently and understandingly rejected the offer." *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Specifically Edwards argues that although he was told at the 1958 plea that he could be represented by counsel, and was asked if he wanted a lawyer, he was not offered a lawyer or told that a lawyer would be provided for him if he was unable to afford one. *In Re Gault,* 387 U.S. 1, 42, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

Additionally Edwards urges that his guilty plea was not voluntary and intelligent, and that we should apply the precepts of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) to test the guilty plea record.

It is further contended that the unconstitutionality of the state felony conviction on either ground precludes the use of the prior conviction to "support guilt or enhance punishment for another offense" under the teachings of *Burgett v. Texas, supra,* 389 U.S. 109, 88 S.Ct. 792, 9 L.Ed.2d 799, and *United States v. Pricepaul,* 540 F.2d 417, 421 (9th Cir. 1976).

■ Because of our disposition of the case, we will not reach the merits of Edwards' sixth amendment and guilty plea claims. We hold that the prior conviction, *in spite of the alleged constitutional defect,* may support a *falsification* prosecution under the Gun Control Act.

In reaching this conclusion, we recognize that the essence of a § 922(a)(6) violation is the defendant's failure to tell the truth. *Cassity v. United States,* 521 F.2d 1320 (6th Cir. 1975) delineated the distinction:

> That section penalizes Cassity for *making a false statement.* It penalizes him not

---

**2.** According to the indictment, between April 6 and August 17, 1974, Edwards purchased six firearms, consisting of two shotguns and four pistols or revolvers. He answered the conviction of a felony question in the negative in each case.

*for being a convicted felon, but for failing to tell the truth about the conviction.* We think it apparent from the language employed that Congress intended to provide a scheme of regulation by compelling full and honest disclosure. The section applies not merely to convicted felons, but to "any person" and broadly forbids "any false or fictitious . . . statement . . . intended or likely to deceive . . . with respect to any fact material to the lawfulness of the sale . . . ." We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances.

*Id.* at 1323 (emphasis added).

In a recent *en banc* decision of the Third Circuit appeals court, Judge Garth and Chief Judge Seitz, concurring and dissenting in the majority opinion, wrote as follows:

It is clear to me, as it is to the majority of this Court, that § 922(a)(6) is concerned not with the status of a convicted felon as that status may affect his future activities, but rather with the requirement that a firearms purchaser divulge truthful, essential information. One portion of that information concededly concerns any prior conviction. At least on the form signed by Graves, however, there are seven other categories about which information was sought and which could trigger criminal sanctions if answered untruthfully. The nub of the offense sought to be proscribed here is lying. Graves had it completely within his power at the time of his purchase to avoid all criminal sanction by the mere expedient of answering truthfully.

Importing implied concepts to qualify the nature of a falsehood would thwart the explicit terms as well as the objective of § 922(a)(6). The activity should be viewed as of the discrete time when the acquisition takes place. See *Huddleston v. U.S.,* 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782, 14 CrL 3151 (1974).

*United States v. Graves,* 554 F.2d 65 (3d Cir. 1977). *See also, United States v. Ransom,* 545 F.2d 481, 484 (5th Cir. 1977).

We have previously permitted federal convictions for firearms violations to stand where the underlying felony charge was reversed by a state court subsequent to the time federal convictions were obtained. *See United States v. Williams,* 484 F.2d 428, 429 (8th Cir. 1973). Reversal was not, however, based on a constitutional defect. *State v. Williams,* 481 S.W.2d 1 (Mo.1972). Similarly in *United States v. Cody,* 529 F.2d 564, 567 (8th Cir. 1976), in accordance "with what we deem[ed] to be the congressional intent to apply the Federal Firearms Act broadly," we refused to invalidate federal firearms convictions where the appellant contended that "because of a *technical* error by the state trial judge in imposing sentence prior to the time of actual filing of a motion for new trial, the judgment was absolutely void * * *." *United States v. Cody, supra,* 529 F.2d at 566 (emphasis added). *See also United States v. Liles,* 432 F.2d 18, 20 (9th Cir. 1970).

In a footnote, as dictum, the panel in *Cody* added the following:

We recognize that the broad interpretation applied to the word "convicted" does not extend to defendants whose prior convictions are invalid for error of the sixth amendment right to counsel. *See Dameron v. United States,* 488 F.2d 724 (5th Cir. 1974) and *United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972).

*United States v. Cody, supra,* 529 F.2d at 567 n.4.

We reconcile the apparent inconsistency between the *Cody* dictum and our present holding by noting that although the *Cody* dictum was an addendum in a falsification-type case, the error in state court was not of constitutional dimension and the two decisions cited in the footnote involved constitutional attacks on convictions where the defendant had been prosecuted for his *sta-*

*tus* as a felon. We expressly leave the question of a status-type conviction for another day.[3]

■■■ In the present case we rely upon a rationale similar to the concurrent sentence doctrine, which results in our not reviewing the even-numbered counts of the indictment; those counts charged unlawful receipt of firearms by a felon (the "status" counts). The concurrent sentence doctrine "permits a reviewing court to pass upon the validity of less than all counts upon review of convictions on plural counts of an indictment, if a ruling in appellant's favor would not reduce the penalty imposed with respect to the valid conviction." *United States v. Moore,* 555 F.2d 658, 661 (8th Cir. 1977).

Here sentence was imposed only with respect to the falsification counts, and imposition of sentence was *suspended* with respect to all of the parallel "status" counts;[4] even on the odd-numbered falsification counts where sentence was imposed, the sentence of one year *imprisonment* was suspended and Edwards was placed on three years' probation.

"The key to application or nonapplication of the [concurrent sentence] rule lies as thus stated, in the discretion of the court." *United States v. Darnell,* 545 F.2d 595, 598 (8th Cir. 1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977). We have reviewed the factors described in *Sanders v. United States,* 541 F.2d 190, 194 (8th Cir. 1976) which should guide our judgment in determining whether to apply the rule in a given case, and conclude therefrom that the rule may be utilized without prejudicing Edwards.

Accordingly, the convictions are affirmed.

3. The circuits are clearly in disagreement. A majority in *United States v. Graves,* 21 Crim.L. Rep. 2001 (3d Cir. Mar. 2, 1977) eschewed constitutional attacks on an underlying felony for either "falsification" or "status" convictions; in contrast the Ninth Circuit in *United States v. Pricepaul,* 540 F.2d 417, 421–22 (9th Cir. 1976) has said that a *Boykin*-invalid guilty plea could support neither § 922(a)(6) false statement *nor* 18 U.S.C. App. § 1202(a) (status) violations. *United States v. Allen,* 556 F.2d 720 (4th Cir. 1977) involved only a false statement charge, but the court indicated it would read *Burgett* and its progeny narrowly to sustain federal firearms convictions. *Id.* at 723.

4. As long as sentence remains suspended on the "status" counts, we see no practical difference between applying the concurrent sentence doctrine to a suspended sentence and applying it to plural sentences which run concurrently. In both cases all the counts of the conviction stand, and in both the imposed sentence is not enhanced by the unreviewed counts.