UNITED STATES of America

v.

John William BRYANT.

Crim. No. 77–288.

United States District Court, D. South Carolina, Columbia Division.

March 27, 1978.

Thomas E. Lydon, Jr., U. S. Atty., for the District of S. C., Columbia, S. C., and Eric W. Ruschky, Asst. U. S. Atty., Columbia, South Carolina, for plaintiff.

Parks N. Small, U. S. Public Defender, Columbia, S. C., for defendant.

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

HEMPHILL, District Judge.

A decision is required of this court upon a timely motion of defendant to suppress a prior conviction of November 4, 1969 by the State of South Carolina; the conviction is an essential element of the government's proof in this case.

Defendant was charged on November 8, 1977 in a four-count indictment alleging three violations of 18 U.S.C. § 922(h),[1] receipt of a firearm by a convicted felon, and one violation of 18 U.S.C. § 922(a)(6),[2] making a false statement on a firearms application. A South Carolina state conviction of November 4, 1969[3] is alleged in each of these four counts as the sole basis for the present prosecution. It is this conviction that defendant seeks to suppress, to bar its use on trial. Defendant argues that the 1969 conviction, entered pursuant to a guilty plea, was obtained in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[4] In the eight years since his conviction he has apparently never attempted to seek review, prior to now, of this conviction by direct appeal or collateral attack. The transcript of the record of the guilty plea proceedings in the Court of Common Pleas, County of Sumter, State of South Carolina, shows that Bryant was represented by counsel, that the victim of the assault and battery of a high and aggravated nature of which Bryant was charged outlined the facts surrounding the assault to the court in the presence of the defendant (confrontation), and that the trial court made direct inquiry whether the defendant understood the charge, to which an affirmative answer was given. Defendant has presented allegations, by way of

---

1. 18 U.S.C. § 922(h) provides: Unlawful acts
   (h) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or
   (4) who has been adjudicated as a mental defective or who has been committed to any mental institution;
   to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. 18 U.S.C. § 922(a)(6) provides:
   (a) It shall be unlawful—
   . . . . .
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

3. This conviction was for assault and battery of a high and aggravated nature, to which Bryant pled guilty before the Court of General Sessions for Sumter County, S. C. The maximum detention sentence is more than one year, which justifies classification as a felony.

4. *Boykin* was decided June 2, 1969; the conviction was entered November 4, 1969. In *Boykin*, the Supreme Court held that the waiver of certain Federal rights, including protection against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers, may not be presumed from a silent record.

affidavit, that he was not informed, relative to the 1969 guilty plea, that by pleading guilty he was waiving the privilege against compulsory self-incrimination, the right to trial by jury of the issues in the case, the right to confront and cross-examine any accusers, the right to put the government to its burden of proof beyond a reasonable doubt, or the right of a defendant to choose whether to present direct testimony.

In *United States v. Allen*, 556 F.2d 720 (4 Cir. 1977), the Fourth Circuit Court of Appeals addressed the issue raised by defendant relative to 18 U.S.C. § 922(a)(6). There defendant had alleged that his conviction was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which applied the right to counsel provision of the Sixth Amendment to the various states. Chief Judge Haynsworth noted that the

language of the [Gun Control] Act shows that Congress intended to restrain the disposition of firearms to those reasonably believed to have been involved in felonious activity. It is clear that Congress believed an indictment alone to be a sufficient reason to limit a person's access to firearms. In view of the restriction on the disposition of firearms to those under indictment, we find that Congress intended to restrict the disposition of firearms to those *with standing felony convictions even though the convictions may later be found constitutionally invalid.* (Emphasis added.)

The opinion went on to note [556 F.2d 722] that if the Gun Control Act

only prohibited the dispositions of firearms to constitutionally convicted felons, enforcement would be complicated by collateral issues. To obtain a conviction under § 922(a)(6), the government would be required to show the validity of convictions which may have occurred in distant states many years ago. [722]

The court rejected such an interpretation, which would destroy the effectiveness of the legislative scheme. Similarly, after an exhaustive study of the Gun Control Act of 1968, of its legislative history, of *Burgett v. Texas*,[5] 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (convictions violative of *Gideon* cannot be used either to support guilt or to enhance punishment under a recidivist statute) and its progeny, the Third Circuit Court of Appeals has also rejected the suggestion that Congress intended, or that the Constitution demands, that United States District Courts adjudicate the constitutionality of underlying convictions in prosecutions under the Gun Control Act. *United States v. Graves*, 554 F.2d 65 (1977). The Third Circuit's decision was based on facts involving not only the false statement violation, as in *Allen*, but a convicted-felon "status" violation, § 1202(a)(1), App., "Possession of Firearm in Interstate Commerce." This court believes the *Graves* analysis applies with equal strength to a receipt violation of 18 U.S.C. § 922(h)(1), as alleged here. Further, the reasoning of *Allen* itself governs the instant case.

In *Graves*, supra, the *en banc* decision of the Circuit Court compares 18 U.S.C. § 922 and 18 U.S.C. App. § 1202, emphasizing that the crime involved in failure to disclose the former felony conviction is *not* the felony conviction, but the *false answer*—the false answer is the crime:

Under the legislation, comprehensive records are to be kept with respect to all firearms transactions. No person is exempt from the regulatory coverage of the Act. Importers, manufacturers, dealers, collectors and purchasers alike must submit the information mandated by federal authorities. Indeed, the disclosure sections of Title IV do not differentiate in their treatment of felons and non-felons. Facially, §§ 922 and 924 are designed to punish any material misrepresentation concerning a weapons transaction, whether or not the misrepresentation relates to a conviction. They do not penalize an individual for being a convicted felon, but only for failing to answer truthfully questions about his criminal record.

---

**5.** Note that in *Burgett*, the basis of the crime is former felonies; here the basis is the possession of the firearm (922(h)) and the false statement (922(a)(6)).

Even more so than § 1202, then, these provisions are essentially regulatory as contrasted with being strictly criminal in nature.

A question which immediately arises is whether Congress envisaged the prosecution of an individual with an outstanding conviction, though one asserted to be unconstitutional, when he denies ever having been a felon. Inspection of § 922(a)(6), and Title IV as a whole, suggests that a person who is a convicted felon must divulge the fact of his conviction, regardless of whether or not he believes it to be unconstitutional. And the registration form hardly intimates that a prospective purchaser of a firearm is entitled to conceal a conviction that has not been vitiated, any more than he could suppress any other fact material to the transaction.

From the statutory language, it is apparent that the legislative framers intended to elicit detailed and accurate information so as to be able to monitor the movement of guns. In this regard, it is equally evident that Congress wished to penalize a person with an outstanding, though assertedly unconstitutional, conviction for failing to disclose the fact of such criminal adjudication. [554 F.2d 70, 71.]

In discussing the history of the legislation *Graves* decided:

Given the legislative objective to impose effective controls, and the concomitant desire not to promulgate a "half-way measure," we believe that Congress did have in mind curtailing access to firearms by felons with outstanding convictions, even where these prior convictions are alleged to be unconstitutional. [554 F.2d 74.]

The *Allen* court in turn provided guidance relative to possible application of *Burgett* to the instant situation. Noting that several circuits,[6] in reliance on *Gideon, Burgett, United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1971), and *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972),[7] had held that convictions obtained in violation of the right to counsel are void from the outset and cannot be considered for any purpose, the court specifically rejects the holdings of such circuits. *Allen*, at 723.

This court also notes that *Burgett* applied specifically the holding of *Gideon*, and declines to extend *Burgett* to alleged constitutional violations of *Boykin*, especially in a factual context where defendant was represented by counsel at the guilty plea, heard the evidence outlined against him by the victim of the crime, stated he understood the charge, and since that time has never challenged the constitutionality of the conviction in any court. Nor has defendant petitioned the Secretary of the Treasury for an order relieving him of the disabled status, 18 U.S.C. § 925(c)[8]. See *Graves*, supra.

---

6. *Dameron v. United States*, 488 F.2d 724 (5th Cir. 1974); *United States v. Lufman*, 457 F.2d 165 (7th Cir. 1972); *United States v. DuShane*, 435 F.2d 187 (2nd Cir. 1970).

7. *Tucker* (resentencing required when sentencing court took into consideration convictions obtained in violation of *Gideon*); *Loper* (convictions void under *Gideon* may not be used to impeach defendant on cross-examination).

8. 18 U.S.C. § 925(c) provides: Exceptions: Relief from disabilities

   (c) A person who has been convicted of a crime punishable by imprisonment for a term *exceeding one year* (other than a crime involving the use of a firearm or other weapon or a violation of this chapter or of the National Firearms Act) may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the ac-

quisition, receipt, transfer, shipment, or possession of firearms and incurred by reason of such conviction, and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. A licensed importer, licensed manufacturer, licensed dealer, or licensed collector conducting operations under this chapter, who makes application for relief from the disabilities incurred under this chapter by reason of such a conviction, shall not be barred by such conviction from further operations under his license pending final action on an application for relief filed pursuant to this section. Whenever the Secretary grants relief to any person pursuant to this section he

Thus, to find the instant conviction void because of alleged violations of *Boykin*, supra, would be in direct conflict with this Circuit's close reading of *Burgett* and its progeny.

It is also noted that a number of other courts agree with the Fourth Circuit relative to the use of allegedly unconstitutional convictions in false statement cases, 18 U.S.C. § 922(a)(6). See *United States v. Edwards*, 568 F.2d 68 (8th Cir. 1977); *Cassity v. United States*, 521 F.2d 1320 (6th Cir. 1975); *United States v. Ransom*, 545 F.2d 481 (5th Cir. 1977); *United States v. Graves*, 554 F.2d 65 (3rd Cir. 1977).

Further, note should be taken that the Ninth Circuit is the only circuit court to have ruled, *United States v. Pricepaul*, 540 F.2d 417 (1976), that a conviction obtained in violation of *Boykin*, supra, may not be used to establish a Federal firearms violation.[9] Other courts refusing to permit the use of a conviction obtained in violation of the Constitution were faced with alleged violations of *Gideon*, supra, and relied directly on *Burgett*, supra, in barring the use of such conviction. See cases cited in footnote 6.

In *Edwards*, supra, defendant urged the court to apply the precepts of *Boykin v. Alabama* to test the guilty plea record, citing *Burgett v. Texas*, supra, and *United States v. Pricepaul*, supra. The Eighth Circuit said:

Because of our disposition of the case, we will not reach the merits of Edwards' sixth amendment and guilty plea claims. We hold that the prior conviction, in spite of the alleged constitutional defect, may support a falsification prosecution under the Gun Control Act.

In reaching this conclusion, we recognize that the essence of a § 922(a)(6) violation is the defendant's failure to tell the truth. *Cassity v. United States*, 521 F.2d 1320 (6th Cir. 1975) delineated the distinction:

That section penalizes Cassity for making a false statement. It penalizes him not for being a convicted felon, but for failing to tell the truth about the conviction. We think it apparent from the language employed that Congress intended to provide a scheme of regulation by compelling full and honest disclosure. The section applies not merely to convicted felons, but to "any person" and broadly forbids "any false or fictitious . . . statement . . . intended or likely to deceive . . . with respect to any fact material to the lawfulness of the sale . . ." We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances. [568 F.2d 70, 71]

We have previously permitted federal convictions for firearms violations to stand where the underlying felony charge was reversed by a state court subsequent to the time federal convictions were obtained. See *United States v. Williams*, 484 F.2d 428, 429 (8th Cir. 1973). Reversal was not, however, based on a constitutional defect. *State v. Williams*, 481 S.W.2d 1 (Mo.1972). Similarly in *United States v. Cody*, 529 F.2d 564, 567 (8th Cir. 1976), in accordance "with what we deem[ed] to be the congressional intent to apply the Federal Firearms Act broadly," we refused to invalidate federal firearms convictions where the appellant contended that "because of a technical error by the state trial judge in imposing sentence prior to the time of actual filing of a motion for new trial, the judgment was absolutely void * * *." *United States v. Cody*, supra, 529 F.2d at 566. See also

shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

9. A district court in Connecticut has also applied *Boykin*. See *United States v. Megura*, 394 F.Supp. 246 (1975).

*United States v. Liles*, 432 F.2d 18, 20 (9th Cir. 1970). [568 F.2d 71.]

The Eighth Circuit quoted extensively from *Graves*, supra, and agreed with the rationale of that opinion.

In *Ransom*, supra, in adopting the rationale later explored in depth by *Graves*, the Fifth Circuit held:

> We are unable to believe that Congress intended that a prospective purchaser of a firearm under this section is entitled to conceal the fact of a prior conviction, even if a claim of constitutional invalidity is subsequently established. Nor can we believe that any person filling out the requisite form would conclude that he was not required to make disclosure under such circumstances.
>
> We conclude, as did Judge Gordon, that the careful statutory scheme of gun control Congress has provided would be seriously jeopardized if a person convicted of a felony could, when purchasing a firearm, make the statement that he had never been convicted of such felony based upon his own subjective belief that his conviction was constitutionally defective where such conviction had not prior thereto been set aside. We reject petitioner's contention that this interpretation of Congressional intent in enacting § 922(a)(6) permits '. . . a conviction

obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . .' *Burgett v. Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

This court has attempted to rationalize *Pricepaul*, supra, with *Allen*. The Public Defender, here representing the accused, would have us make a distinction in treatment of the 922(a)(6) charge [10] and the 922(h) [11] charges. While it is true that 922(a)(6) specifically refers to the false statement, we can apply the rationale that the crime in 922(h) is knowingly receiving a firearm, etc., *having been convicted*. If one is a convicted felon, he is prohibited from receiving a firearm shipped in interstate commerce. At the time of his crime, he *was* a convicted felon insofar as his status was concerned, whether the conviction was later vacated or reversed. The intent of Congress was to keep firearms out of the hands of such persons. In *Pricepaul*, the court applied *Burgett*, but we have previously determined here that *Burgett* has no application here.

*Pricepaul* would have the district court hold a hearing each time a prior conviction is challenged. This would only add to the congestion and backlog already a hallmark

---

10. Count IV reads:

On or about the 13th day of November, 1976, in the District of South Carolina, JOHN WILLIAM BRYANT, in connection with the acquisition of a firearm, that is, a Remington Model 878, 12 gauge shotgun, Serial Number 2085, from the James P. Nettles Company, Inc., Sumter, South Carolina, a licensed dealer in firearms, knowingly did make a false statement likely to deceive such dealer with respect to a material fact as to the lawfulness of the sale of such firearm, pursuant to Chapter 44, Title 18, United States Code, in that he certified in writing on Treasury Department Internal Revenue Service Form 4473, which form is required to be certified prior to the transfer of a firearm from a licensed dealer, that he had never been indicted of a crime punishable by imprisonment for more than one year, when in truth and in fact, as the defendant then and there well knew, he had on November 4, 1969, in Sumter County General Sessions Court, been convicted of Assault and Battery of a High and Aggrava-

ted Nature, a crime punishable by imprisonment for more than one year, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a).

11. Count I reads:

On or about the 11th day of October, 1975, in the District of South Carolina, JOHN WILLIAM BRYANT, having been convicted on November 4, 1969, in Sumter County General Sessions Court of Assault and Battery of a High and Aggravated Nature, a crime punishable by imprisonment for a term exceeding one year, did knowingly receive a firearm, that is, a Stevens Model 311 L, 12 gauge shotgun, Serial Number A 293548, which had been shipped and transported in interstate commerce from Winston Salem, North Carolina, to Columbia, South Carolina, in violation of Title 18, United States Code, Sections 922(h) and 924(a).

Counts II & III are identical except for different dates and different guns.

of federal jurisprudence.[12] The federal trial court should not be burdened with the duty of retrying the state felony.[13] An accused has some burden to clean his own nest, if it be foul. Here we find an accused who says his conviction/sentence was unconstitutional. South Carolina has adopted the Uniform Post-Conviction Procedure Act,[14] part of which reads: (in part)

"(a) Any person who has been convicted of, or sentenced for, a crime and who claims:

(1) That the conviction or the sentence was in violation of the Constitution of the United States * * *

.    .    .    .    .

(b) * * * may institute, without paying a filing fee, a proceeding under this chapter to secure relief * * *."[15]

This court cannot, at trial level, thunder down some policy to be followed in cases similar to this. Absent any showing that the accused has *made some legitimate effort* to set aside his state conviction, this court should not have the burden of entertaining the collateral attack without some state exhaustion.[16] There is no showing here that Bryant could not attack the validity of his plea in state court, *without paying a filing fee* and no showing he could not have sought habeas relief if he were still under state supervision. As pointed out in *Graves,* in refusing a "trial-within-a-trial:"

As a final point, we recognize that to extend *Burgett* to prosecutions under the Gun Control Act might well create a new method of collateral attack, i. e., a reevaluation of the constitutionality of prior criminal proceedings within a trial of a weapons offense. To obtain a firearms conviction, under the approach pressed by Graves, the government would have to demonstrate the constitutional validity of outstanding convictions—at whenever a defendant so insists. Yet, there is no evidence that Congress intended this type of procedure—a "trial-within-a-trial"— when it enacted the firearms legislation. Nor is there anything in *Burgett* or its descendants to indicate that the Supreme Court commanded such an arrangement. Consequently, this Court should not sanction a program which appears to be at variance with the intent of Congress and goes a substantial step beyond the teachings of *Burgett.* [554 F.2d 83.]

The motion to suppress is refused. The government is entitled to present evidence of the *fact* of the prior conviction at the trial in federal court.

Motion denied.

AND IT IS SO ORDERED.

---

12. See "Thinning the Judicial Thicket", 74 F.R.D. 477 and "The Court Crunch", 76 F.R.D. 245–6.

13. As Mr. Justice Harlan wrote in his dissent in *Burgett*: "We do not sit as a court of errors and appeals in state cases * * *."

14. Section 17–27–10, et seq., S.C.Code 1976 anno.

15. Section 17–27–20, South Carolina Code, 1976.

16. Perhaps this court should not cite 28 U.S.C. § 2254(b) as an example of orderly procedure, since that procedure is civil, but the purposes of requiring exhaustion attack at the state court level is comparative.