" Donald KESSLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 36640.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 3, 1975.

Larry S. Phillips, Edina, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Donald Kessler appeals from trial court's denial of his Rule 27.26, V.A.M.R., motion to withdraw pleas of guilty and to modify or vacate conviction of two separate charges of arson. He contends his guilty pleas were induced by his inculpatory statement given law officers upon their assur-

ance he would be given concurrent two-year sentences and granted probation; he was sentenced to consecutive terms of five years and three years, respectively. We affirm.

Kessler was arrested on September 13, 1972 and charged with two counts of arson that occurred on September 4, 1972 and September 11, 1972. He was interrogated on the day of his arrest by Sergeant Bair of the Missouri State Highway Patrol and Lewis County Sheriff Pearl Hicks. He was represented by court-appointed counsel, Mr. Dennis Smith. After consultation with Mr. Smith, movant pleaded guilty to both counts, requesting probation.

Before accepting Kessler's guilty pleas, the trial court determined movant understood the two sentences could run consecutively for a total of ten years; that the court was not bound by any requests made by movant, his attorney or the State and that granting probation was within the discretion of the court. The court then sentenced him to five and three years, to run consecutively, and denied the request for probation.

Kessler then filed a Rule 27.26 motion. He testified that at the time of his arrest and interrogation he was intoxicated. He stated he gave a statement during his interrogation on the promise he would get two years for each offense, to run concurrently, and that he would receive probation. He contended Mr. Smith induced him to plead guilty, promising he would be placed on probation.

Sergeant Bair and Sheriff Hicks testified no promises were made to movant. Mr. Smith testified he informed movant of his right to a jury or bench trial and that he emphasized, in oral meetings and in a letter to Kessler, he could not promise movant would receive probation and assessment of punishment would be in the sole discretion of the judge.

Appellate review is limited to the determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous. Rule 27.26(j), V.A.M.R., State v. Mountjoy, 420 S.W.2d 316 (Mo.1967). The trial court determines whether allowing movant to withdraw his plea corrects manifest injustice. Rule 27.25, V.A.M.R. In this determination the trial court, as the trier of facts, assesses the credibility of witnesses. On review, this court will defer to the trial court's determination of credibility unless abuse of discretion is shown. Walster v. State, 438 S.W.2d 1, 3 (Mo.1969). The trial court found the court's questions before accepting movant's guilty pleas were comprehensive and his answers unequivocal. State v. Jackson, 514 S.W.2d 638, 641[4] (Mo.App.1974). The trial court denied appellant's Rule 27.26 motion and found his guilty pleas voluntarily and intelligently made, with effective representation by counsel. The findings of the trial court are presumptively correct and are to be sustained unless clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo. 1968).

Before accepting movant's guilty plea the trial court ascertained he understood the consequences and that he was not induced to enter the plea on the basis of false hope or ill-founded expectations. Rule 25.04, State v. Roach, 447 S.W.2d 553, 556[3-5] (Mo.1969). Movant was present at the hearing of his Rule 27.26 and was represented by counsel at all times. The trial court had the opportunity to assess the credibility of movant's testimony and the conflicting testimony of Sergeant Bair, Sheriff Hicks and Mr. Smith. It is within the discretion of the trial court to disbelieve movant and believe the other witnesses. The evidence does not leave us with the definite or firm conviction a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1947).

We hold it cannot be said the trial court's findings, conclusions and judgment are clearly erroneous and judgment is affirmed.

KELLY and STEWART, JJ., concur.