UNITED STATES of America, Plaintiff,

v.

Robert Eugene PARSONS, Defendant.

No. 78–00037–01–CR–W–1.

United States District Court,
W. D. Missouri, W. D.

April 10, 1978.

Ronald S. Reed, Jr., U.S. Atty., Gene C. Napier, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

OLIVER, Chief Judge.

## MEMORANDUM AND ORDERS GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS I AND II AND DENYING DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

### I.

This criminal prosecution under 18 U.S.C. App. § 1202(a)(1) and 26 U.S.C. §§ 5861(d) and 5861(i) pends on four motions filed by defendant: (1) defendant's February 27, 1978, motion to suppress physical evidence; (2) defendant's March 23, 1978 motion to dismiss Counts I and II of the pending four count indictment returned by the grand jury on February 22, 1978, which supersedes a previous two count indictment;[1] (3) defendant's March 23, 1978 motion for production of the grand jury transcript of the proceedings on February 10, 1978, in which the original two count indictment was returned against defendant; and (4) defendant's April 4, 1978, motion which seeks to amend the stipulation of facts filed March 14, 1978, in order to permit examination and consideration of the February 10, 1978 grand jury transcripts.

We find and conclude, for reasons which will be stated in some detail, that (1) defendant's motion to suppress should be denied; (2) defendant's motion to dismiss Counts I and II should be granted; (3) defendant's motion to produce the grand jury transcript of proceedings on February 10, 1978, should be denied as moot; and that (4) defendant's motion to amend the stipulation of facts filed March 14, 1978, which is unopposed, should also be denied as moot.

### II.

Defendant's motion for production of the grand jury transcript and defendant's motion to amend the stipulation to permit consideration of that transcript have been mooted by the government's production of

---

1. The pending indictment superseded a two count indictment filed February 10, 1978, but dismissed, with leave of court and defendant's consent, on February 27, 1978.

the grand jury transcript sought by defendant. The government's commendable voluntary production of the grand jury transcript has allowed both defendant's counsel and the Court to examine and consider that transcript in the process of determining the pending motions. As a result, both defendant's motion for production and motion to amend have been mooted and will therefore be denied.

### III.

Defendant's motions to suppress and to dismiss Counts I and II require more detailed discussion of the unusual but undisputed factual circumstances and the legal questions presented.

Rule 12(b) of the Federal Rules of Criminal Procedure provides that "any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Rule 12(e) of the Federal Rules of Criminal Procedure provides that a motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for later determination. Rule 12(e) contemplates that factual issues may be considered in the determination of a pretrial motion, provided the court state its essential findings on the record.

The government is prosecuting defendant under a superseding four count indictment returned February 23, 1978. Counts I and II of that indictment are identical to the two counts of the original indictment returned February 10, 1978, which was dismissed by order of court on the government's motion. Counts I and II allege separate violations of 18 U.S.C. App. § 1202(a)(1). Count I alleges unlawful possession of a .44 caliber magnum revolver on April 4, 1977. Count II alleges unlawful possession of a .45 caliber semi-automatic rifle on April 6, 1977.

The government alleges in both counts that defendant's possession was subsequent to the defendant's "having been convicted on October 28, 1971 of a crime of stealing over $50, in the Circuit Court of Jackson County, Missouri, said crime being punishable by imprisonment for a term exceeding one year . . . .." Counts III and IV of the pending indictment allege unlawful possession of an illegal weapon on February 15, 1978, in alleged violation of 26 U.S.C. §§ 5861(d) and 5861(i), respectively.

The unusual factual circumstances, established by the commendable diligence and cooperation of counsel, have been detailed in a stipulation of facts failed March 14, 1978. The parties agree that following the return of the original two count indictment on February 10, 1978, Chief Magistrate Hamilton issued an arrest warrant. On February 15, 1978, two ATF agents, accompanied by a detective attached to the Independence, Missouri Police Department, proceeded to the defendant's residence for the purpose of arresting the defendant pursuant to the warrant issued by Chief Magistrate Hamilton. It is stipulated that the arresting officers entered the residence without consent of the defendant, his wife or any other occupant. Defendant was found in the dining room with a firearm in his hand. That "sawed-off weapon" is the subject of the alleged violations of 26 U.S.C. §§ 5861(d) and 5861(i), alleged in Counts III and IV of the pending four count indictment filed February 23, 1978.

Records from the Circuit Court of Jackson County, Missouri, attached to the stipulation, show that on October 20, 1971, an assistant prosecuting attorney of Jackson County, Missouri, filed an information in Case No. C 41799, charging the defendant with stealing over $50. The records from the Clerk's office of the Circuit Court of Jackson County, Missouri, reflect that on October 28, 1971, the Honorable J. Donald Murphy, Judge of Division Eleven of that court, accepted the defendant's plea of guilty to the charge of stealing over $50, deferred imposition of sentence, and "paroled" the defendant for a period of two years, with credit for jail time served. On January 16, 1974, however, Judge Murphy entered an order which provided in its entirety that:

Now on this date, it is hereby ordered that the above-named defendant is released from probation. Defendant's plea of guilty heretofore entered is set aside and defendant is found not guilty and discharged.

The documents attached to the stipulation in this case also include a form executed by a deputy clerk of the Circuit Court of Jackson County, Missouri, on January 19, 1974, which states in its entirety:

> This is to certify that Robert Parsons cause # C–41799 was released under Probation on the 28th day of October, 1971, for a term of 2 years by the Circuit Court of Jackson County, Missouri.
>
> It is further certified that the said Robert Parsons has successfully completed his probation and is absolutely discharged on the 16th day of January, 1974.
>
> The said Robert Parsons is hereby restored to all the rights and privileges of citizenship, pursuant to the provisions of Section 549.111(2) RSMo. Supplement 1967.

Judge Murphy's formal order entered of record on January 16, 1974, setting aside the defendant's plea of guilty, which included a finding that the defendant was not guilty and discharged, was entered long before the defendant's alleged violations of 18 U.S.C. App. § 1202(a)(1), contained in Counts I and II of the pending indictment.

An examination of the transcript of the February 10, 1978 proceedings before Judge Collinson's grand jury, which returned the original two count indictment, establishes that a special agent of the ATF testified on the basis of investigative reports made by other law enforcement agencies. The ATF agent did not purport to have any personal knowledge that the defendant was "a convicted felon having been convicted in the Circuit Court of Jackson County, Missouri, on October 28, 1971, for the crime of stealing over $50," as alleged in Counts I and II of the pending four count indictment. No exhibits or court records of any kind purporting to establish the defendant's "conviction" were presented to the grand jury.

Indeed, there is no evidence that either the ATF or the United States Attorney's office had ever examined, prior to the return of the original two count indictment, the court records of the Circuit Court of Jackson County in Case No. C 41799, *State of Missouri v. Robert E. Parsons*. There is no evidence that the ATF ever advised or was ever in a position to advise the United States Attorney's office or the grand jury, that Judge Murphy had entered an order on January 16, 1974, which provided in part that "defendant's plea of guilty heretofore entered is set aside and defendant is found not guilty and discharged."

The stipulated documents in this case, which reflect the filling out of blank spaces in forms used by the Circuit Court of Jackson County, Missouri, Clerk's office, have produced some obvious inconsistencies in connection with the action taken by the State trial judge. Of course, in this case the government must prove beyond a reasonable doubt that defendant was "convicted" as an element of the alleged violations of 18 U.S.C. § 1202(a)(1).

As an example of the inconsistencies we are speaking of, a form letter written by a deputy clerk of the Circuit Court of Jackson County, Missouri, on October 29, 1971 to the Probation and Parole Supervisor, State of Missouri, Kansas City District, Kansas City, Missouri, advised that Judge Murphy had deferred any imposition of sentence and had "paroled" the defendant to the State Parole Board. The form certification issued by another deputy clerk on January 19, 1974, which we quoted above, on the one hand, purported to certify that the defendant had been released under "probation" by Judge Murphy on October 28, 1971.

In addition to the inconsistency noted above, Judge Murphy's special order of record, dated January 16, 1974, inconsistently recited that the defendant was "released from probation." This recitation is inconsistent with the deputy clerk's October 28, 1971 statement that the defendant had been "paroled" to the State Board of Parole. Further, it is clear that the second sentence of Judge Murphy's January 16, 1974 order,

which set aside the defendant's earlier plea of guilty and discharged the defendant upon a finding of not guilty, was not issued pursuant to the provisions of § 549.111(2), R.S.Mo. Supplement 1967, as the printed form executed by the deputy clerk purported to certify on January 19, 1974.

Section 549.111 requires the State trial judge to make express findings that the "reformation of the defendant is complete and that he will not again violate the law" and that "the court shall, *by order of record*, grant his absolute discharge." [emphasis ours]. That section also requires that the court shall "note, *by order of record*, the completion of the term of probation prescribed by the court and his discharge from supervision by the Board of Probation and Parole." [emphasis ours]. The only *order of record* made by Judge Murphy was his order of January 16, 1974, which set aside the defendant's prior guilty plea and which discharged the defendant on a finding of not guilty.

While the use of the printed forms by the Clerk of the Circuit Court of Jackson County, Missouri, and the first sentence of Judge Murphy's signed order of January 16, 1974, may have produced some apparent confusion, we find and conclude that Judge Murphy's order of January 16, 1974, may not properly be considered as having been entered pursuant to § 549.111. Familiar considerations of federal and State comity require that this Court give full faith and credit to the portion of Judge Murphy's order of record which went far beyond the scope of any routine order of record contemplated by § 549.111 and which expressly provided that "defendant's plea of guilty heretofore entered is set aside and defendant is found not guilty and discharged."

IV.

Defendant argues in support of the motion to suppress that the Assistant United States Attorney who conducted the Grand Jury proceedings leading up to the original two count indictment did not advise the Grand Jury that defendant was not a "convicted felon" and that there was absolutely no competent evidence upon which the Grand Jury could base an indictment; and that "had the Grand Jury been fully advised as to defendant's status, an indictment would not have been returned." Defendant argues further that "since the underlying Indictment was invalid, the arrest pursuant to that Indictment was illegal." Defendant also argues that the government "should not be allowed to have a warrant issued upon an Indictment based upon no competent evidence" and that "to hold otherwise would allow law enforcement officers to circumvent the constitutional protection of the Grand Jury."

Defendant recognizes that *Giordenello v. United States*, 357 U.S. 480, 487, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), holds that "an arrest warrant can be based upon an Indictment because the grand jury's determination of probable cause for the indictment also establishes probable cause for the issuance of the warrant." *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); and *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), permit, but certainly do not recommend, that a grand jury may return an indictment solely on the basis of hearsay testimony.

Defendant's argument recognizes the force of those cases but contends that a "District Court still has some discretion in looking behind an Indictment to determine its validity." Cases such as *Truchinski v. United States*, 393 F.2d 627 (8 Cir. 1968), *cert. denied* 393 U.S. 831, 89 S.Ct. 104, 21 L.Ed.2d 103 (1968); *United States v. Hodge*, 496 F.2d 87 (5 Cir. 1974); *United States v. Estepa*, 471 F.2d 1132 (2 Cir. 1972); *United States v. Leibowitz*, 420 F.2d 39 (2 Cir. 1969); *United States v. Gallo*, 394 F.Supp. 310 (Conn.1975); and *United States v. Atlantic Commission Co.*, 45 F.Supp. 187, 193 (E.D.N.C.1942), are relied upon to sustain an argument that "where the Prosecuting Attorney . . . misleads the Grand Jury, the resulting Indictment has been held to be invalid and dismissal has been ordered."

Defendant's motion to suppress does not allege, nor does the defendant attempt to prove, nor do the stipulated facts establish, any knowing or intentional abuse of the grand jury by the United States Attorney's office. Rather, the defendant argues that "the Prosecuting Attorney had an affirmative duty to advise the Grand Jury that Parsons state criminal proceedings had resulted in the entry of a not guilty judgment in 1974, some three years prior to the date of the alleged possession of the firearms charged in the original Indictment."

The thrust of the defendant's argument is that before presenting the case to a grand jury, the Assistant United States Attorney was under an affirmative duty to require the ATF to obtain, or to obtain on his own initiative, certified copies of all court records that related to the underlying State court conviction before presenting the case to the grand jury for indictment. Defendant contends that if the records of the Circuit Court of Jackson County, Missouri, were before the grand jury, it would not have indicted the defendant on February 10, 1978, and that the indictment returned that day may not properly be held to support the arrest warrant. Defendant cites no legal authority to support his "affirmative duty" argument.

While a more thorough preindictment investigation by the government may have resulted in a decision by the United States Attorney's office not to authorize presentment of this case to a grand jury, we cannot properly conclude that the indictment returned is absolutely void and that it does not constitute probable cause for the issuance of the arrest warrant. The most that can be said is that because of inadequate ATF investigation, the United States Attorney's office obtained an indictment which it could not prove. The cases upon which the defendant relies do not support his argument that the original indictment was totally void when obtained and that it could not support a valid arrest warrant.

■ This case illustrates as well as any the difficulties that are frequently encountered in Federal Firearms Act cases. The case suggests that, as a matter of policy, the United States Attorney's office would be well advised to require that the investigative agency, before a case is authorized for prosecution or presented to a grand jury, obtain and present for examination by the United States Attorney's office certified copies of all court records pertaining to an underlying state conviction upon which the government will rely at trial. A requirement that ATF obtain certified copies of all State court records which would establish a constitutionally valid conviction is not an unreasonable requirement, because all of those records would be necessary for trial in any event.

Regardless of the inadequate preindictment investigation of this case, we cannot find and conclude that the original indictment obtained February 10, 1978, on the basis of what has been subsequently established to be inaccurate hearsay testimony, was an invalid indictment and that such an indictment did not constitute probable cause for the issuance of a valid arrest warrant. We find and conclude that the seizure of the sawed-off weapon on February 15, 1978, was justified as having been made pursuant to a valid arrest warrant issued on the original indictment filed in this case. Defendant's motion to suppress physical evidence will accordingly be denied.

V.

■ The government argues in opposition to defendant's motion to dismiss Counts I and II of the pending indictment that principles stated by the Court of Appeals for the Eighth Circuit in *United States v. Kelly*, 519 F.2d 794 (8th Cir. 1975), *cert. den.* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975); and *United States v. Hayes*, 535 F.2d 479 (8th Cir. 1976), construing Minnesota's general rehabilitation statute, requiring a finding and conclusion that Judge Murphy's action in accepting defendant's plea of guilty on October 28, 1971, was a "conviction," within the meaning of 18 U.S.C. § 1202(a)(1) and that the portion of Judge Murphy's order of record entered

January 16, 1974, which expressly set aside the defendant's plea of guilty and which discharged the defendant upon an express finding that he was not guilty should be ignored. The government simply argues that "Judge Murphy's order appears to have the same effect as the State of Minnesota's general rehabilitation statute." We disagree.

Rule 27.25 of the Missouri Rules of Criminal Procedure [2] not only authorizes a defendant to file a motion to withdraw a plea of guilty when imposition of sentence is suspended, it also provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Rule 27.25 of the Missouri Rules of Criminal Procedure, unlike procedures provided by the Federal Rules of Criminal Procedure, does not contain any time limitations as to when a Missouri state trial judge, in order "to correct manifest injustice," may permit a defendant to withdraw an earlier plea of guilty. Indeed, *Rhoades v. State*, 504 S.W.2d 291 (Mo.App.1973), shows that the State trial and State appellate court considered a Rule 27.25 motion to withdraw a guilty plea 33 years after the defendant was given two consecutive sentences of 99 years.

*Kessler v. State*, 524 S.W.2d 221, 222 (Mo.App.1975), states that "the trial court determines whether allowing movant to withdraw his plea corrects manifest injustice. Rule 27.25, V.A.M.R." And *State v. Davis*, 438 S.W.2d 232, 234–235, (Mo.1969), holds that "the exercise of the power to set aside a judgment of conviction and to permit the defendant to withdraw his plea of guilty is discretionary with the trial court and its action should not be disturbed on appeal except for an abuse of such judicial discretion."

*State v. Begley*, 534 S.W.2d 632 (Mo.App. 1976), presented a factual situation not dissimilar to the circumstances of this case. The Missouri Court of Appeals was required to review various docket entries made by the Clerk of the Circuit Court of Cedar County, Missouri and a single order of record of the trial judge which it described as "inconsistent and confusing." The Missouri Court of Appeals, however, from its study of all the court records concluded that on June 3, 1974, the State trial judge had accepted the defendant's plea of guilty and thereafter had ordered a presentence report. Some four months later, defendant, with additional counsel, "asked leave to file a motion to withdraw the plea of guilty, but the trial court, for various reasons, refused, granted allocution and sentenced defendant to two years imprisonment."

A short time later defendant filed motions to set aside the sentence and "moved in writing to set aside the plea of guilty and to grant defendant an evidentiary hearing." A docket entry made by the clerk contained language which stated that the State trial judge "had sustained" both motions and that the matter had been set for further hearing. A formal order of record made by the State trial judge, although it contained some inconsistent language, nevertheless stated that "the motion of defendant to set aside his plea of guilty for an evidentiary hearing comes on for hearing, the motion for an evidentiary hearing is sustained."

The Missouri Court of Appeals concluded that under the "peculiar and confusing circumstances reflected by the whole record," it was required to conclude that "the trial court, inadvertently or otherwise, set aside the defendant's guilty plea."

The Missouri Court of Appeals therefore quoted and applied the established rule of law stated in 22 C.J.S. Criminal Law § 421(8), pp. 1166–1167 (1961), which states in part that "an order allowing withdrawal of a plea of guilty after judgment is tanta-

---

2. Rule 27.25 of the Missouri Rules of Criminal Procedure provides that:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

mount to an order setting aside the judgment, as, when the plea is withdrawn, the judgment falls for lack of support. [A defendant] stands in the same attitude, and with the same rights and privileges, as if no plea had been entered . . . ."

The leading case of *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), was cited in *Begley* to support the general rule quoted from Corpus Juris Secundum. In *Kercheval*, the federal trial judge permitted the government to introduce in evidence in the trial of a federal mail fraud case a withdrawn plea of guilty. In reversing the conviction, the Supreme Court stated that:

> The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. [*Kercheval, supra,* at 224, 47 S.Ct. at 583].

The relevant factual circumstances in this case have been stipulated. It is clear that the government has nothing to offer in evidence to prove and thus cannot prove that the defendant was in fact "convicted on October 28, 1971, of the crime of stealing over $50, in the Circuit Court of Jackson County, Missouri," as alleged in both Count I and Count II, for the reason that the

records of that court establish that on January 16, 1974, "defendant's plea of guilty heretofore entered is set aside and defendant is found not guilty and discharged." It is therefore clear that defendant's motion to dismiss Count I and Count II of the pending indictment should be granted.[3]

## VI.

For the reasons stated, it is

ORDERED (1) that defendant's motion to dismiss Counts I and II of the pending indictment should be and the same is hereby granted. It is further

ORDERED (2) that defendant's motion to suppress physical evidence should be and the same is hereby denied. It is further

ORDERED (3) that defendant's separate motions to produce the grand jury transcript and to amend the stipulation should be and are denied as moot.

---

**3.** In ruling defendant's motion to dismiss we read and considered the line of Eighth Circuit firearms cases illustrated by *United States v. Williams*, 484 F.2d 428 (8th Cir. 1973), and *United States v. Cody*, 529 F.2d 564 (8th Cir. 1976). We have concluded that those and similar cases must be distinguished on their facts. Cases such as *Williams* and *Cody* involved factual circumstances under which a prior State conviction was of record at the time the defendant came into possession of the firearms. Under the facts of the pending case, the underlying "conviction" relied upon by the government was set aside by the State court *before* the defendant came into possession of the firearms.

This case is closer on its facts to *Dameron v. United States*, 488 F.2d 724 (5th Cir. 1974), and *United States v. Lufman*, 457 F.2d 165 (7th Cir. 1972), cited with approval by the Eighth Circuit in *Cody, see* 529 F.2d at 567 n.4. Those cases, consistent with the rule applied in other Cir-

cuits, hold that a State conviction obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963), cannot be considered as a prior conviction to support a federal firearms conviction. The principle on which these cases turn is that a federal firearms conviction cannot be obtained unless the underlying state conviction is constitutionally valid. In both *Dameron* and *Lufman* the unconstitutionality of the underlying state conviction was determined *after* the federal firearms offense was committed. The principle in *Dameron* and *Lufman* applies even more forcefully in this case where the federal conviction is based on an underlying state conviction which had been voided of record by the State trial court *before* the defendant possessed the firearm. In both types of cases, the government simply does not have any conviction at all upon which it may base a federal firearms prosecution.