**UNITED STATES of America, Appellee,**

v.

**Robert Eugene PARSONS, Appellant.**

No. 78–1378.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1978.

Decided Nov. 7, 1978.

Ronald L. Hall, Asst. Federal Public Defender, Kansas City, Mo., argued, for appellant; Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., on brief.

Gene C. Napier, Asst. U. S. Atty. (argued), and Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before LAY and McMILLIAN, Circuit Judges, and LARSON, Senior District Judge.*

---

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

**942**

PER CURIAM.

This is an appeal from an order entered by the District Court [1] denying defendant-appellant's motion to suppress physical evidence. Briefly, the material facts are as follows. On February 10, 1978, a grand jury returned a two-count indictment against Parsons under 18 U.S.C.App. § 1202(a)(1) which makes firearm possession by convicted felons illegal. That same day, U. S. Magistrate Calvin Hamilton issued an arrest warrant for Parsons on the basis of the grand jury indictment. On February 15, 1978, federal agents, in executing the warrant, entered defendant's home and saw him in possession of a sawed-off .22 caliber rifle, which they seized. On February 22, 1978, a superseding four-count indictment was returned adding to the original counts two violations of 26 U.S.C. § 5861. Defendant was tried on one count of the superseding indictment only, the original two counts having been dismissed at the same time the motion to suppress physical evidence was denied. On April 20, 1978, the court found Parsons guilty of violating 26 U.S.C. § 5861(d) which criminalizes possession of the type of rifle he was observed holding at the time of his arrest if it is not registered to him in the National Firearms Registration and Transfer Record. He was sentenced on May 19, 1978.

The gist of defendant's assignment of error is that the only testimony establishing his status as a convicted felon for purposes of the original two-count indictment was hearsay offered by a federal agent which was ultimately found to be factually untrue. Parsons therefore contends that the arrest warrant issued by Magistrate Hamilton was invalid and hence seizure of the weapon by the agents was pursuant to an illegal arrest. Defendant sought to have

the weapon suppressed as evidence on the basis that it was the fruit of a seizure made illegal by virtue of the underlying arrest being predicated on an invalid arrest warrant. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968).

We agree with Judge Oliver's well reasoned rejection of this argument, published as *U. S. v. Parsons*, 448 F.Supp. 733, 737–38 (W.D.Mo.1978), and find no erroneous view of the law therein. We affirm on the basis of the Memorandum and Orders entered below, with the following additional observations.

Both in his brief before this court and at oral argument, counsel for Parsons contended that the recently decided Supreme Court case of *Franks v. Delaware*, —— U.S. ——, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), requires, by analogy, that the exclusionary rule be applied in the instant case. *Franks, supra*, involved a search warrant, not an arrest warrant. The case held, *inter alia*, that in mounting a veracity challenge to an affidavit purporting to establish probable cause for a search warrant, a defendant must show that the allegedly false statements were made knowingly, intentionally, or with reckless disregard for the truth, and that the allegations of negligence or innocent mistake are insufficient. *Id.* at ——, 98 S.Ct. 2674. Even making the dubious assumption that the same standards would be applicable to grand jury proceedings,[2] no allegations of misconduct are made here except one concerning prosecutorial negligence in not introducing the Jackson County, Missouri, records of defendant Parsons which showed that his earlier plea of guilty to a felony had been "discharged." However, even if these records had been introduced at the grand jury proceedings, an indictment might very well have been re-

1. Chief Judge John W. Oliver, United States District Judge for the Western District of Missouri.

2. *See U. S. v. Calandra*, 414 U.S. 338, 349–52, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *U. S. v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *U. S. v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), where the following language is particularly apposite:

Any holding that would saddle a grand jury with mini-trials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws. *U. S. v. Dionisio, supra* at 17, 93 S.Ct. at 773.

turned anyway, the reason being that an unresolved issue of law was still in question. The government's position was that for purposes of 18 U.S.C.App. § 1202(a)(1), prosecution is proper if the accused had been at any time convicted of a felony. Parsons contended the contrary, *i. e.*, that one had to be a convicted felon at the time of the alleged infraction. After a careful consideration of the relevant law, Judge Oliver concluded that the government could not prove that Parsons had been convicted at all and thus prosecution for possessing firearms by a convicted felon was inappropriate.[3] These factual circumstances hardly support a claim that the government made a false statement knowingly, intentionally or with reckless disregard for the truth. Bad faith can scarcely be alleged when the litigants have to resort to a dispute in court where only after much reflection is it decided what the facts are and what, precisely, their legal significance is.

Based on the foregoing, coupled with the reasons indicated by Judge Oliver in his published Memorandum and Orders, the Order denying suppression of evidence and defendant's conviction are affirmed.

---

**3.** This determination turned on an interpretation of an unusual and difficult point in Missouri criminal law which was *not* at all clear at the time of the grand jury proceedings or, for that matter, until Judge Oliver ruled on the question. *See U. S. v. Parsons, supra* at 738–40.