**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Lowe SNELL,**
**Defendant-Appellant.**

**No. 74–3126**
**Summary Calendar.***
United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1975.
Rehearing Denied March 24, 1975.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Murray Lieberman, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant, Charles Lowe Snell, was convicted of 13 counts of violating 18 U.S.C. § 922(a)(6), making a false statement to a licensed dealer in firearms in connection with the acquisition of a shotgun and a number of pistols.[1] He was sentenced to a total term of 8 years imprisonment. The appellant claims four errors were committed during his trial. After careful review of the briefs and record we find the appellant's contentions to be without merit.

■ The appellant first argues that the indictment was insufficient in that it

---

1. In connection with the purchase of each weapon the appellant indicated on Department of the Treasury, Internal Revenue Service Form 4473 Part 1 (Rev. 6–70), "Firearms Transaction Record," that at the time of the sale he was not under indictment in any court for a crime punishable by imprisonment for a term exceeding one year. In fact, at the time of each purchase appellant was under such an indictment for violations of Texas law.

failed to apprise him of the nature of the charges, and failed to charge an offense under 18 U.S.C. § 922(a)(6). A comparison of the provisions of 18 U.S.C. § 922(a)(6) with the allegations of the indictment clearly shows that the indictment accurately and sufficiently charged the appellant with all the essential elements of the statutory offense. The alleged discrepancies raised by appellant involve either omissions not required in an indictment or semantic difficulties of no legal consequence.

■ The appellant's next specification of error concerns the admission of firearm dealer license applications provided by the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department. These license applications specify an expiration date but fail to reveal the date the license was issued. Therefore, reasons the appellant, the applications are insufficient proof of the statutorily required "licensed" status of the dealer necessary at the time of the firearms sales made the basis of this prosecution.[2] The appellant argues that the only other proof showing dealer licenses were effective at the time of the firearms purchases was supplied by Geneva N. Schlinke, a supervisor of the licensing section of the Alcohol, Tobacco and Firearms Bureau. In her affidavit attesting to the official nature of the licensing records Schlinke included a reference to the periods for which the dealer was effectively licensed. The appellant argues that her statement with respect to the critical date of license issuance was hearsay and should have been excluded. Assuming arguendo that the appellant is correct, the license applications alone are sufficient to show that Oshman's Sporting Goods Company was a "licensed" dealer at the time of the firearm sales in question. A dealer, depending on the type of business in which he cares to engage, must specify the kind of license desired by checking the

application form's appropriate box. The Oshman dealer applied for and obtained a $10.00 license with an expiration date of October 11, 1972. A $10.00 license is by statutory definition in effect for one year.[3] Therefore, the license application on its face indicates license effectiveness during the period of the weapons sales for which appellant was indicted. Assuming, without deciding, that error was committed in admitting Schlinke's statement, the same was harmless.

■ The third contention of the appellant is that the trial court erroneously admitted Department of the Treasury forms 4473 because there was no proper showing that the forms were business records.[4] On the contrary, the record clearly reflects that 4473 forms were kept in the regular course of business as required by law and that the appellant, or a salesman at appellant's direction, prepared each form. In every instance of a firearm sale the appellant signed the appropriate form 4473. The fact that the records were kept at different stores and that some of the salesmen were no longer employed by Oshman's at the time of the trial does not detract from the reliability of the records. Bridger v. Union Ry. Co., 355 F.2d 382 (6th Cir. 1966). The records were clearly under proper custody and kept as a matter of routine in the ordinary course of business.

■ The fourth and final argument of appellant is that 18 U.S.C. § 922 violates his fifth amendment right to due process. He claims the statute unconstitutionally discriminates between classes of people including convicted felons and licensed dealers on the one hand and indicted private citizens on the other. For example, a convicted felon may apply to the Secretary of the Treasury for relief from statutory disabilities and a licensed dealer may continue his business pending the ultimate resolution of indictment

2. Title 18 U.S.C. § 922
 (a) It shall be unlawful
 (6) for any person in connection with the acquisition or attempted acquisition of any firearm . . . from a . . . li-

censed dealer . . . to make any false . . . statement . . . .

3. See 18 U.S.C. § 923.

4. See footnote 1, *supra.*

charges. The private citizen under indictment has no such recourse or period of grace. While it is true that statutory classifications may be so unreasonable as to be violative of the Fifth Amendment's due process clause, Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), such an assertion is patently frivolous in the context of the instant case. Certainly it was reasonable for Congress to conclude that citizens indicted for offenses punishable by prison terms of more than one year often demonstrate a propensity for violence and that they should therefore be restrained from acquiring personal arsenals. United States v. Craven, 478 F.2d 1329 (6th Cir. 1973). See also United States v. Lebman, 464 F.2d 68 (5th Cir. 1972). On the other hand, it was obviously reasonable for Congress to ameliorate the devastating effect that strict adherence to section 922 would have with respect to the conduct of a licensed firearms dealer's business.

Affirmed.