**UNITED STATES of America, Appellee,**

v.

**Paul R. GREEN, Appellant.**

**No. 76–1445.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 7, 1976.
Decided Nov. 17, 1976.

William B. Cummings, U.S. Atty., Alexandria, Va., N. George Metcalf, Asst. U.S. Atty., and Richard Cullen, Richmond, Va., on brief for appellee.

Harold M. Marsh, Richmond, Va. (Hill, Tucker & Marsh, Richmond, Va., on brief), for appellant.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

■ The sole issue on appeal raised by Paul R. Green, who was convicted of making a false statement in connection with the acquisition of some firearms in violation of 18 U.S.C. § 922(a)(6), is whether the government must prove that he knew that the dealer from whom he purchased the weapons was federally licensed. We affirm the conviction, because knowledge that the dealer has a federal license is not an essential element of the crime. The fact that the dealer was licensed serves only to establish a basis for federal jurisdiction.

Section 922(a)(6) provides that it shall be unlawful:

> "for any person in connection with the acquisition . . . of any firearm . . . from a . . . licensed dealer . . . knowingly to make any false or fictitious . . . written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale . . . of such firearm . . . under the provisions of this chapter."

Section 922(d)(1) prohibits a licensed dealer from selling a firearm to any person knowing or having reasonable cause to believe that the purchaser has been convicted of a crime punishable by imprisonment for a term exceeding one year, and § 922(h)(1) makes it unlawful for such a person to receive any firearm that has been shipped in interstate commerce. Section 923 requires every dealer in firearms to obtain a federal license and keep records of his sales.

The government proved that the dealer from whom Green purchased firearms was federally licensed, and that Green had executed a "firearm transaction record" in which he falsely answered "no" to a question that asked whether he had ever been convicted of a crime punishable by imprisonment for more than a year. The government did not introduce direct evidence to show that Green knew that the dealer was federally licensed.

■ The pertinent legislative history of § 922(a)(6) is summarized in *Huddleston v. United States*, 415 U.S. 814, 824–829, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). Congress, concerned that firearms could be acquired easily for criminal purposes, acted to restrict public access to certain weapons. It selected the dealer in firearms as the principal agent of federal enforcement. Section 922(a)(6) was enacted to provide information about the dealer's transactions and to curb crime by preventing criminals from purchasing weapons.

It is apparent that the statute's reference to a licensed dealer supplies a jurisdictional base for enforcement of the federal system of gun control. This, however, does not resolve the case, for as *United States v. Feola*, 420 U.S. 671, 676–77 n. 9, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) explains, the critical question is whether the role of the licensed dealer in the transaction is "jurisdictional only." If it is jurisdictional only, a defendant's lack of knowledge of the dealer's license is immaterial, because it is not an essential element of the offense. *United States v. Feola, supra.*

*Feola* also teaches that whether a fact is jurisdictional only must be ascertained from the intent of Congress. The text of § 922(a)(6) discloses the congressional intent. The statute prescribes that the government must prove that the accused *knowingly* made a false statement. Significantly, the Act does not require the prosecution to prove that the accused acquired the firearm from a dealer whom he knew to be licensed. The express requirement of knowledge with respect to one aspect of the transaction, contrasted with the absence of

a similar requirement with respect to the dealer's license, is, we believe, a fair indication that Congress did not intend knowledge about the license to be an essential element of the crime. The gravamen of the offense is the making of a false statement to acquire a firearm. The accused's lack of knowledge about the dealer's license does not detract from his culpability.

The judgment is affirmed.