**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles E. FRAZIER,
Defendant-Appellant.**

**No. 76–2471.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1977.

Gary J. Hill (Court-Appointed), El Paso, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Stanley M. Serwatka, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, GOD-BOLD, Circuit Judge, and MEHRTENS,* District Judge.

MEHRTENS, District Judge:

Charles E. Frazier appeals from a conviction under 18 U.S.C. § 922(a)(6) making it unlawful for any person knowingly to make a false statement to a licensed dealer in connection with the acquisition of a firearm.

In August, 1975 Frazier took his father's rifle to the Dyer Loan Company and pawned it. In September he and his father, who accompanied him, returned to the loan company. In redeeming the rifle, Frazier filled out Treasury Department Form 4473, answering "no" to the question: "I am neither under indictment for, nor have I been convicted of, a crime punishable by imprisonment for a term exceeding one year . . ."

Reenforcing Form 4473 provided by the Treasury Department, Internal Revenue Service, Alcohol, Tobacco and Firearms Division, is § 922(a)(6) which Frazier was convicted of violating, prohibiting false statements in connection with a sale or acquisition of a firearm.

There is no dispute that Frazier made a false statement on the Treasury Department Form 4473, executed at the time the rifle was redeemed, when he answered that he had never been convicted of a crime punishable by imprisonment for a term exceeding one year. Frazier, in fact, had been found guilty by a New Mexico state court of the sale and distribution of marihuana and sentenced to serve a term of one to five years in the state penitentiary.

■ On appeal, Frazier first contends that the evidence presented to prove the pawn shop was licensed under the provisions of 18 U.S.C. § 923 was insufficient to support his conviction. We do not agree.

At trial, a Special Agent with the United States Treasury Department Bureau of Al-

cohol, Tobacco and Firearms testified that he knew that the Dyer Loan Company was a licensed firearms dealer. Frazier argues that without a predicate being laid as to the basis of the agent's knowledge, or as to the duties of an agent generally, the agent's testimony "borders on hearsay," and cannot be considered competent or sufficient to establish a necessary element of the offense beyond a reasonable doubt.

Defense counsel made no objection to the agent's testimony as to the Dyer Loan Company's license, nor did he impeach, refute or rebut the agent's testimony during cross-examination.

This court has previously held that a jury verdict of conviction must be sustained by the reviewing court if there is substantial evidence to support it, taking the view most favorable to the government. *United States v. Fortune,* 513 F.2d 883 (5 Cir. 1975). The agent's testimony that the Dyer Loan Company was a licensed dealer of firearms is competent evidence supporting the jury's verdict in this case, particularly when viewed in light of the failure of defense counsel to either object to the admission of that testimony or to refute or rebut it on cross-examination.

■ The government was not required to produce the license which was issued to the Dyer Loan Company in order to prove that the store was a licensed firearms dealer, *Cody v. United States,* 460 F.2d 34 (8th Cir. 1974).

■ Frazier also contends that his untruthful answers on the Form 4473 are immaterial and insufficient to sustain his conviction because the acquisition of the firearm could have been, or was substantially, accomplished by his father having taken physical possession of the rifle before leaving the pawn shop.

At trial, the defendant showed that his father, a non-felon who was the owner of the rifle in question, received physical possession of the rifle when it was redeemed

* Senior District Judge for the Southern District of Florida, sitting by designation.

and that the father could have completed and signed the Form 4473 in his son's place. The defendant did not deny, however, that he did make a false statement on the Form 4473.

In *United States v. White*, 451 F.2d 696 (5th Cir. 1971), this court, under somewhat similar facts, held that "The statute requires only a false statement 'in connection with the acquisition', whether or not that statement is made by the actual purchaser;" that "In short, false statements on the form, which contain the restrictions on sales, are illegal. Were the appellant's interpretation of the statute accepted, an individual could falsify the form and escape liability through an intermediary." The court further pointed out that surely Congress could not have intended to allow such an easy evasion of a comprehensive scheme, and that "One who makes a false statement in connection with the acquisition of a firearm is liable under Section 922(a)(6) whether or not he is the actual purchaser."

What has been said by this court in *United States v. White, supra,* concerning sales, is equally applicable to and controlling of the redemption of a firearm, and it is immaterial whether or not Frazier actually made the acquisition of the firearm himself or whether the acquisition was made by his father. It is the making of the false statement by Frazier which was proscribed by the statute and, therefore, is illegal.

We conclude, that upon this record, the government adequately sustained its burden of proving that Dyer Loan Company is a licensed dealer in firearms, that Frazier did make the false statements as charged, and that the evidence is sufficient to sustain the conviction.

AFFIRMED.

JOHN R. BROWN, Chief Judge, concurring:

I concur in the result and the opinion. I cannot let go unnoticed the haphazard way in which this case was presented by the prosecution. Although we have formerly held and reiterate that proof of a certified copy of the license is not necessary, the failure to obtain in advance of trial this simple piece of paper gives the convicted defendant another ground for attacking the conviction, thus inducing an appeal with the hope of success. In these days, with trial courts and courts of appeals overwhelmed by trial of criminal cases almost to the exclusion of civil cases in many districts as a result of the Speedy Trial Act, those simple things which can be simply done, ought simply not to be overlooked. Conclusory oral testimony of the kind we find adequate is just barely so, and in a number of situations it might not suffice at all.

With the ink scarcely dry on another case where the Court again had to deal with the sufficiency of the technical proof of the status of a dealer in arms in a different field (*see United States v. Ransom*, 5 Cir., 1977, 545 F.2d 481), this Court was forced to struggle with a basic "jurisdictional" requirement, in excusing the inexcusable failure of the United States Attorney to file the required certificate for government appeal under 18 U.S.C.A. § 3731. *See United States v. Herman,* 5 Cir., 1977, 544 F.2d 791. In this, as in so many others, with a pontifical blessing, we say, "you were wrong, but go your way and sin no more." The trouble with this preaching is that what we say, those who are required to read, do not read, and what is worse, they do not heed.

Slovenly prosecution is a discredit to the adversary system and puts unnecessary burdens on judges by wasting their irreplaceable, precious time.