# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2013

Lyle W. Cayce
Clerk

No. 12-41356
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL EDUARDO PENA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-472-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Eduardo Pena appeals his jury-trial conviction on two counts of making a false statement in firearm-dealer records, in violation of 18 U.S.C. § 924(a)(1)(A), and one count of making a false statement or representation to a department or agency of the United States, in violation of 18 U.S.C. § 1001. He was sentenced to five years of probation.

The first two counts of conviction charged that, on 5 and 19 December 2011, Pena knowingly made a false statement on a form that federal law

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required the licensed seller, Academy Ltd. #30, to maintain.  On each form, Pena represented that he was the actual buyer of a firearm, when he purchased the firearm instead on behalf of another individual.  The third count of conviction charged he knowingly made a materially false statement to FBI Agent Owen, when he told the Agent that he purchased the firearms for himself.

Pena, then a Customs and Border Protection officer, testified at trial.  He contends the evidence was insufficient to support his conviction on each count.

At trial, Pena moved for judgment of acquittal after the Government rested, raising one of the issues on appeal.  He failed to do so, however, after he presented evidence.  Subsequently, he raised these appellate issues in a timely post-verdict motion for judgment of acquittal.  Assuming *arguendo* that Pena properly preserved his sufficiency-of-the-evidence challenge, the denial of his Rule 29 motion for judgment of acquittal is reviewed *de novo*.  *See United States v. Harris*, 666 F.3d 905, 907 (5th Cir. 2012).  The evidence is reviewed "in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established [Pena's] guilt beyond a reasonable doubt".  *Id.*; *see also United States v. Thomas,* 12 F.3d 1350, 1373 (5th Cir. 1994).

"To establish a violation of § 924(a)(1)(A), the government must prove that: (1) the dealer was a federally licensed firearms dealer at the time the events occurred; (2) the defendant made a false statement or representation in a record that the licensed firearms dealer was required by federal law to maintain; and (3) the defendant made the false statement with knowledge of its falsity." *United States v. Abramski*, 706 F.3d 307, 316-17 (4th Cir. 2013), *petition for cert. filed* (U.S. 21 June 2013) (No. 12-1493).  Evidence established that the Academy store where Pena made the purchases was a federally licensed firearms dealer.  Additionally, "[t]he Alcohol, Tobacco and Firearms Division of the United States Treasury Department requires purchasers and sellers of firearms to complete ATF Form 4473".  *United States v. Ortiz-Loya*, 777 F.2d 973, 976 n.1 (5th Cir.

1985); *see also* 27 C.F.R. § 478.124 (forbidding sale of a firearm without a recorded Form 4473 and requiring the licensed dealer to retain each Form 4473).

For the firearm purchased on 5 December 2011, testimony established: Sergio Gonzalez asked Pena to purchase a firearm for him; Gonzalez could not purchase the firearm himself because he had inadequate documentation; and Gonzalez provided Pena cash for the purchase. Instructions on Form 4473 informed Pena that, under these circumstances, he was not the actual purchaser and therefore should check "No" to whether he was the actual purchaser. Nonetheless, Pena represented he was the actual purchaser of the firearm. Similarly, for the firearm purchased on 19 December 2011, evidence established: Gonzalez requested Pena to purchase the firearm for him; Gonzalez provided cash for the firearm; and Pena falsely stated on Form 4473 that he was the actual buyer.

Pena's contention that there was insufficient evidence that he acted with the requisite intent is contradicted by the explicit instructions, warning, and examples provided on Form 4473, as well as the considerable evidence showing Pena purchased the weapons for Gonzalez. In the light of all the evidence, a reasonable juror could find that the evidence established beyond a reasonable doubt § 924(a)(1)(A) was violated for each of these two counts.

Pena further contends that no statute proscribes making a false statement regarding whether the purchaser is the actual buyer of the firearm (question 11a on Form 4473). This position lacks merit, based upon the plain language of the statute, which criminalizes the making of "any false statement" with respect to information that is required to be kept by firearms licensees. *See* § 924(a)(1)(A); *see also Ortiz-Loya*, 777 F.2d at 976 n.1; *Abramski,* 706 F.3d at 317 (rejecting assertion that there is no statutory obligation that the purchaser of the firearm honestly answer question 11a on Form 4473); *United States v. Johnson*, 680 F.3d 1140, 1142-46 (9th Cir. 2012) (same); *United States v. Soto*, 539 F.3d 191, 198 (3d Cir. 2008) (same).

Pena's reliance upon *United States v. Polk*, 118 F.3d 286, 295 (5th Cir. 1997), is misplaced. *Polk* was based upon the determination that a violation of 18 U.S.C. § 922(a)(6) (prohibiting any false statement "with respect to any fact material to the lawfulness of the sale") involves false statements regarding facts that are material to the lawfulness of the sale. *See Polk*, 118 F.3d at 295. In contrast, § 924(a)(1)(A) forbids knowingly making "any false statement or representation with respect to the information required . . . to be kept in the records" of a federal firearms licensee. Thus, § 924(a)(1)(A) does not require the false statement be material to the sale. *See Abramski*, 706 F.3d at 315-16; *Johnson*, 680 F.3d at 1145-46.

Pena's challenge to his conviction on the third count, which charged a violation of § 1001(a), is premised upon his contention that the Government failed to prove the conduct charged in the other two counts. Because the evidence is sufficient to sustain those convictions, Pena's contention fails. Moreover, FBI Agent Owen testified: he interviewed Pena; and Pena made false statements, including, *inter alia*, that he was the actual purchaser of the firearms. A reasonable juror could find the evidence established beyond a reasonable doubt a violation of § 1001(a).

AFFIRMED.