# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20272

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TYRONE REID,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-577-4

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Tyrone Reid ("Reid") appeals his convictions for (1) conspiring to make false statements to a Federal Firearms Licensee ("FFL") and (2) aiding and abetting false statements to two FFLs. On appeal, Reid argues that the Government produced insufficient evidence of a necessary element of the offenses – namely, that the firearms dealers were FFLs at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20272

time of his offenses.[1] We agree, and accordingly reverse and remand with instructions that the district court dismiss the conspiracy and aiding and abetting charges against Reid.

I.

The Gun Control Act (the "Act")[2] "establishes a detailed scheme to enable [FFLs] to verify, at the point of sale, whether a potential buyer may lawfully own a gun."[3] The Act

> insists that the dealer keep certain records[] to enable federal authorities both to enforce the law's verification measures and to trace firearms used in crimes. A dealer must maintain [the purchaser's name, age, and residence] in its permanent files. In addition, the dealer must keep "such records of . . . sale[] or other disposition of firearms . . . as the Attorney General may by regulations prescribe."[4]

To implement the Act, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") developed Form 4473 for gun sales. "The part of that form to be completed by the buyer requests his name, birth date, and address, as well as certain other identifying information (for example, his height, weight, and race)."[5] "The form further lists all the factors disqualifying a person from gun ownership," such as a prior felony conviction, "and asks the would-be buyer whether any of them apply."[6] Of primary importance in this case is Form 4473 Question 11.a, which asks the prospective firearm purchaser: "Are you the actual transferee/buyer of the firearm(s) listed on this

---

[1] Reid's second challenge on appeal is precluded by *Abramski v. United States*, 134 S. Ct. 2259 (2014), which the Supreme Court decided after the parties filed their appellate briefs.

[2] 18 U.S.C. §§ 921-31.

[3] *Abramski*, 134 S. Ct. at 2263.

[4] *Id.*

[5] *Id.* at 2264.

[6] *Id.* at 2263.

2

form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**" Form 4473 also requires the buyer to affirm the following: **"I understand that answering 'yes' to question 11.a. if I am not the actual buyer is a crime punishable as a felony under Federal law."** Section 924(a)(1) of the Act prescribes criminal penalties for anyone who "knowingly makes any false statement or representation with respect to the information" that the Act requires "to be kept in the records of" an FFL, including Question 11.a. on Form 4473.[7]

A federal grand jury charged Reid in a four-count superseding indictment with conspiring to violate and aiding and abetting violations of § 924(a)(1). The indictment alleged that Reid agreed to recruit, and did recruit, straw buyers to purchase firearms from FFLs and falsely represent on Form 4473s that they were the actual buyers of the firearms.

At the conclusion of a trial, a jury convicted Reid on the conspiracy count. The jury also found that Reid aided and abetted false statements to two FFLs, Bachman Pawn and Academy Sports, and accordingly rendered guilty verdicts on two of the three aiding and abetting counts.[8] On appeal, Reid claims that the Government failed to produce sufficient evidence that Bachman Pawn and Academy Sports were licensed at the time of his offenses.

## II.

To establish a violation of § 924(a)(1)(A), the government must prove that: (1) the dealer was a federally licensed firearms dealer at the time the events occurred; (2) the defendant made a false statement or representation in a record that the licensed firearms

---

[7] *See generally id.* at 2262-75.

[8] However, the jury found Reid not guilty of aiding and abetting false statements to a third FFL, K.K. Sales.

dealer was required by federal law to maintain; and (3) the defendant made the false statement with knowledge of its falsity.[9]

Importantly, section 924(a)(1)(A)'s requirement that the Government prove that the firearm dealers in question were federally licensed at the time of the offense is jurisdictional.[10] When a criminal defendant argues on appeal that the Government failed to carry its burden of proof on a jurisdictional element, "the applicable standard of review . . . does not escalate to plain error" even if the appellant "failed to move for acquittal due to the insufficiency of the evidence of the jurisdictional issue."[11] Whether Reid failed to raise this particular evidentiary sufficiency challenge in his motion for acquittal below, as the Government insists, "is therefore of no moment."[12] We must "review all of the admissible evidence and the reasonable inferences which flow therefrom in a light most favorable to the verdict to determine whether a reasonable trier of fact could find that that evidence established guilt beyond a reasonable doubt."[13]

## III.

To establish that Reid conspired to violate or aided and abetted a violation of § 924(a)(1)(A), the Government had to prove that Bachman Pawn

---

[9] *United States v. Pena*, 541 F. App'x 453, 455 (5th Cir. 2013) (quoting *United States v. Abramski*, 706 F.3d 307, 316-17 (4th Cir. 2013), *aff'd*, 134 S. Ct. 2259 (2014)).

[10] *United States v. Prince*, 647 F.3d 1257, 1267 (10th Cir. 2011) ("§ 924(a)(1)(A)'s records requirement is simply a jurisdictional hook. It provides authority for the United States to criminalize false statements made to firearms dealers."); *United States v. Green*, 544 F.2d 746, 747 (4th Cir. 1976) ("The fact that the dealer was licensed serves only to establish a basis for federal jurisdiction.").

[11] *United States v. Schultz*, 17 F.3d 723, 725 (5th Cir. 1994).

[12] *See id*.

[13] *Id*. (citing *United States v. Trice*, 823 F.2d 80, 86 (5th Cir. 1987); *United States v. Maner*, 611 F.2d 107, 108-09 (5th Cir. 1980)).

No. 13-20272

and Academy Sports were FFLs at the time Reid committed his offenses.[14] Reid argues that the Government failed to do so.

"The government [i]s not required to produce the license" itself "in order to prove that the store [in question] was a licensed firearms dealer."[15] The government may instead prove that element by circumstantial evidence.[16] Thus, we have upheld a conviction under the Act where the Government introduced no evidence on the licensing requirement other than an ATF agent's testimony that he "knew that the [store in question] was a licensed firearm dealer."[17] We have also ruled that the Government satisfied its burden of proof on the licensing element where the dealer's employee testified that the dealer "had a valid license during the relevant period."[18] Finally, we have held that a license application bearing an expiration date but no date of issuance was by itself "sufficient to show" that the dealer "was a 'licensed' dealer at the time of the firearm sales in question" because the application "by statutory definition" was issued one year prior to the expiration date.[19]

However, we have never considered a case where the Government introduced as little evidence on the licensing element as it did here. The Government did not produce copies or originals of the dealers' licenses. Nor did the Government produce a license application with an expiration date, as

---

[14] *Cf. Pena*, 541 F. App'x at 455 (quoting *Abramski*, 706 F.3d at 316-17) (describing elements of a direct § 924(a)(1)(A) violation, rather than a conspiracy or aiding and abetting offense); *Schultz*, 17 F.3d at 724, 727-28 (reversing conspiracy and aiding and abetting convictions under bank fraud statute where Government failed to establish jurisdictional element that defrauded bank was insured by FDIC).

[15] *United States v. Frazier*, 547 F.2d 272, 273 (5th Cir. 1977).

[16] *See United States v. Ransom*, 545 F.2d 481, 482-83 (5th Cir. 1977).

[17] *Frazier*, 547 F.2d at 273.

[18] *United States v. Ballard*, 18 F.3d 935 (5th Cir. 1994). *Accord Ransom*, 545 F.2d at 483.

[19] *See United States v. Snell*, 508 F.2d 21, 23 (5th Cir. 1975).

it did in *Snell.* Nor did the Government call any employees from Bachman Pawn or Academy Sports to testify that the dealers were federally licensed at the time of Reid's offenses.

Although the Government called an ATF agent to testify at trial, he did not testify that Bachman Pawn or Academy Sports were FFLs at the time of Reid's offenses. He testified only that (1) FFLs are generally required to keep Form 4473s in the course of their business, and (2) certain dealers *other than* Bachman Pawn and Academy Sports from which Reid's co-conspirators purchased firearms on other occasions were federally licensed.

Thus, the Form 4473s that Reid's co-conspirator signed constitute the only evidence in the trial record casting any light on whether Bachman Pawn and Academy Sports were licensed on the date of Reid's offenses. Those forms contain the dealer's federal license number, stamped signature, business name, and address. While a jury could certainly infer from this information that Bachman Pawn and Academy Sports were licensed *at some point*, the Form 4473s contain no indication that the stores were licensed *at the time of Reid's offenses*. They do not contain the date the license was issued or its expiration date. Nor do the Form 4473s contain a certification that the dealer is currently licensed, or any other indication that the dealer's license was valid on the date of the sale. We therefore conclude that the Form 4473s alone were insufficient to allow the jury to infer that Bachman Pawn and Academy Sports had valid licenses at the time of Reid's offenses.

No. 13-20272

IV.

As additional support on the jurisdictional element, the Government points to the ATF Form 3310.4s that it produced at trial.[20] An FFL must complete Form 3310.4 and submit it to the ATF and state and local authorities whenever an unlicensed buyer purchases multiple firearms within a short timeframe.[21]

Even with this additional evidence, however, the jury still could not infer that Bachman Pawn and Academy Sports were licensed at the time of Reid's offenses. The Form 3310.4s do not contain any information that the Form 4473s do not. Namely, both forms contain the dealer's federal license number, stamped signature, business name, and address. For the reasons identified above, this information, standing alone, is insufficient to allow a jury to infer that the dealers were licensed at the time of Reid's offenses.

It is true that FFLs are required to transmit Form 3310.4s to the ATF when an unlicensed purchaser buys multiple firearms.[22] If the jury heard testimony that Bachman Pawn and Academy Sports transmitted these forms to the ATF, it perhaps could have inferred that the dealers were licensed at the time of Reid's offenses; an unlicensed dealer would presumably not want to alert the ATF if it was conducting potentially unlawful firearm sales. However, because the jury heard no such testimony, it could draw no such inference here.

Thus, at most, the Form 4473s and the Form 3310.4s show that Bachman Pawn and Academy Sports held federal firearms licenses at one time. They do not allow an inference that the dealers had valid licenses on

---

[20] We granted the Government's motion to supplement the appellate record with PDF format copies of these exhibits over Reid's objection. Docket No. 99.

[21] *See United States v. Ortiz*, 318 F.3d 1030, 1033 (11th Cir. 2003).

[22] *Ortiz*, 318 F.3d at 1033.

No. 13-20272

the date of the sales. Because the Government failed to carry its burden of proof as to a jurisdictional element of Reid's offenses, his convictions cannot stand.

"Our disposition of this appeal, because it is dictated by lack of sufficient evidence, compels dismissal" of the charges against Reid, "not just remand for a new trial with better evidence."[23] We therefore reverse and remand with instructions that the district court dismiss the conspiracy and aiding and abetting charges against Reid.[24]

REVERSED and REMANDED.

---

[23] *United States v. Trevino*, 720 F.2d 395, 401 (5th Cir. 1983) (citing *Burks v. United States*, 437 U.S. 1 (1978)).

[24] *See Schultz*, 17 F.3d at 728 (5th Cir. 1994) (citing *Burks*, 437 U.S. at 18).